24 P.(2d) 291

Ex parte SIMPSON.

No. 3920.

Supreme Court of New Mexico.

July 24, 1933.

Robt. C. Dow, of Lovington, and O. O. Askren, of Roswell, for petitioner.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for respondent.

ZINN, Justice.

James H. Simpson filed herein his petition for writ of habeas corpus, charging unlawful restraint by G. A. Fisher, the magistrate who committed him on a charge of murder in the first degree without bail. A petition for writ of habeas corpus was presented to the district judge, which was denied. No evidence was presented to this court, the petitioner submitting with his application the evidence taken before the examining magistrate, which included evidence for the defendant as well as the state.

The only question is whether the proof is evident or the presumption great that petitioner committed a capital offense within the meaning of 1929 Comp. St. § 35-304, and not entitled to bail under N. M. Const. art. 2, § 13.

The state relies on Ex parte Wright, 34 N. M. 422, 283 P. 53, and the petitioner represents to us in argument that his previous application to the district judge was probably denied because of the trial court's inability to distinguish that case from this. A word of explanation may be helpful.

In the Wright Case, as in this, we sat, not as a reviewing court, but in the exercise

of our original jurisdiction, not superior to the district courts, but co-ordinate. The judgment and conscience of district courts are not to be bound by some rule we may seem to adopt for our own disposition of such cases. In the Wright Case we were at pains to say that we should not "endeavor to reduce the matter to formula." We avoided discussion of the facts in order not to influence the trial. There was in that case some evidence of express malice. It seemed quite probable that if murder was done at all, it was in pursuit of a preconcerted design and plan.

█ In applying the test as announced in Ex Parte Wright, supra, this court weighs the evidence and passes upon its conflicts, as a trial court, not in the manner of the application of the substantial evidence rule, but whether we would be justified in our conscience as a trial court in sustaining a verdict of murder in the first degree when returned by a jury.

██ The possible capital offense here involved is murder in the first degree. Mere malice aforethought is not enough to make out this crime. There must be "a thinking over with calm and reflective mind" (State v. Smith, 26 N. M. 482, 194 P. 869, 872), or a "fixed and settled deliberation and coolness of mind" (State v. Kile, 29 N. M. 55, 218 P. 347, 352). Since deliberation, thus defined, is what distinguishes the nonbailable offense from the bailable, it is of this particular fact that the proof must be evident or the presumption great. Without prejudicing

this case in any way, we are not satisfied that the proof of deliberation is so evident as to warrant us in denying bail.

We think it right to admit the defendant to bail.

It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.