## State of Vermont v. John M. Duff

[563 A.2d 258]

No. 89-001

Present: **Allen, C.J., Peck,**[1] **Dooley and Morse, JJ.**

Opinion Filed April 21, 1989

*Philip R. Danielson, Chittenden County Deputy State's Attorney,* Burlington, for Plaintiff-Appellee.

*Walter M. Morris, Jr., Defender General,* and *William A. Nelson, Appellate Defender,* Montpelier, for Defendant-Appellant.

*Jeffrey L. Amestoy, Attorney General,* and *Susan R. Harritt, Assistant Attorney General,* Montpelier, for amicus curiae Office of Attorney General.

**Dooley, J.** Defendant appeals the December 22, 1988, decision of the district court to deny his motion for a reduction in bail. Since we are unable to find that the trial court decision is "supported by the proceedings below," 13 V.S.A. § 7556(b), we

---

[1] Justice Peck sat for the argument in this case but did not participate in the decision.

reverse and remand for further fact-finding and a more complete decision consistent with the standards set forth in this opinion.

Defendant is charged with first degree murder and attempted second degree murder. Defendant was tried and convicted of these charges, but the convictions were overturned by this Court because of an error in the jury charge. See *State* v. *Duff,* 150 Vt. 329, 554 A.2d 214 (1988). Defendant remains incarcerated in lieu of $100,000 bail on the first degree murder charge and $50,000 bail on the attempted second degree murder charge. This bail was originally set in May, 1985 prior to the first trial.

In 1985, defendant made a motion for reduction of bail, which was denied by the trial court on September 17, 1985. At the hearing on the motion, the trial court stated that bail was to remain at $150,000 for three reasons: the evidence against defendant was strong, his ties to the community were weak, and the risk of flight was great. The September 17, 1985 trial court ruling was not appealed to this Court.

Following the reversal of his conviction, defendant again moved for reduction of bail. The trial court found that the evidence of the State was "quite strong because of the former conviction"; that defendant, if given the opportunity, might flee; that defendant "may continue to constitute a threat to the public safety"; that defendant was indigent; and that defendant was not entitled to bail as a matter of right. Vt. Const. Ch. II, § 40.[2] In addition the trial court found that if defendant were charged with a less serious offense he would "doubtlessly qualify . . . for release on conditions." See 13 V.S.A. § 7554. The trial court therefore continued the September, 1985 bail of $150,000 and denied the reduction motion.

Defendant argues in this Court that the trial court impermissibly used the bail statute, 13 V.S.A. § 7554, to impose a preventative detention by setting excessive bail. Because the maximum punishment for the charge against defendant is life imprisonment, we asked the parties also to brief the questions of the ap-

---

[2] The court made no express reference to 13 V.S.A. § 7553, although that statute is clearly relevant in a case such as the one at bar. The trial court made findings relevant to § 7553: that the evidence against defendant was "quite strong," and that defendant was not entitled to bail as a matter of right. The court similarly made findings relevant to a § 7554 determination, noting that the risk of flight was great. We cannot be certain under which statute the court intended to proceed, and we therefore review its actions under both statutes.

plicability and meaning of 13 V.S.A. § 7553 to this case.[3] That statute allows a denial of bail based on certain findings where defendant is charged with an offense punishable by life imprisonment.

It is not clear whether the trial court proceeded under the normal bail statute, 13 V.S.A. § 7554, or determined that it had more freedom to impose cash bail requirements under § 7553. We start first with a review under § 7554.

Our normal bail statute implements the constitutional command that criminal defendants are bailable as a matter of right by allowing release during a criminal proceeding on the least restrictive condition that will "reasonably assure the appearance of the person as required." 13 V.S.A. § 7554(a)(1). Thus, the statute sets forth a list of increasingly more restrictive conditions with the requirement that the court go only so far down the list as necessary to ensure appearance. See *id.* Included on the list are surety bonds or cash in lieu of bond.

Here, the trial court imposed a high cash bail requirement in part based on ensuring defendant would appear for trial. Defendant argues that the amount is so high that it cannot be justified solely by defendant's risk of flight, especially since defendant is indigent. In *State* v. *Cardinal,* 147 Vt. 461, 465-66, 520 A.2d 984, 987 (1986), we held that a $250,000 bail condition was not supported by the evidence when defendant, charged with sexual assault, was a lifelong resident of Vermont with a wife and four children. That defendant had been employed by the same company for seventeen years and provided the sole source of income for his family. His prior criminal record consisted of two misdemeanor convictions. To the extent there is a factual record in this case, it shows factors similar to those found determinative in *Cardinal.* Defendant is a lifelong resident of Vermont. He has numerous friends in the city in which he resided. Apparently, one of those friends offered to provide defendant a home and to take custody of him pending trial.[4] He owned a house prior to his incarceration. He has no criminal record.

---

[3] We also requested briefing on the constitutionality of § 7553 under the federal constitution. In view of our disposition, we do not reach that question. Nor do we decide whether the bail imposed is excessive under the federal constitution.

[4] The friend was the only witness at the bail reduction hearing. We do not know his precise testimony because the parties stipulated that a transcript of this hearing was not needed for our disposition of this appeal.

The sole support for the high cash bail requirement in this case is that defendant is charged with a very serious crime and faces a long period of incarceration. The record contains no evidence on risk of flight beyond the charge. If that alone were sufficient to set a high cash bail amount, the constitutional right to bail would be a nullity for all defendants charged with serious crimes. Accordingly, we cannot find on this record that the trial court had before it sufficient evidence to impose a $150,000 bail requirement. 13 V.S.A. § 7556(b); *State* v. *Parda,* 142 Vt. 261, 262, 455 A.2d 323, 324 (1982).[5]

In reaching this conclusion, it is important to emphasize the limits of this holding. We do not hold that $150,000 bail is excessive solely because this defendant is indigent. The purpose of bail is to assure appearance in court, *State* v. *Pray,* 133 Vt. 537, 542, 346 A.2d 227, 229 (1975), and defendant need not be capable of meeting bail in order for the amount to be supported by the record. In this case, however, the total lack of any evidentiary support for the bail amount set requires us to hold that the amount cannot be justified under § 7554 on this record. Thus, we must turn to § 7553 to determine whether the amount can be justified under that statute.

■ The Vermont Constitution specifically provides that "[p]ersons committed for offenses punishable by death or life imprisonment, when the evidence of guilt is great, shall not be bailable as a matter of right." Vermont Const. Ch. II, § 40. This provision is implemented through 13 V.S.A. § 7553, which provides:

> A person charged with an offense punishable by life imprisonment *when the evidence of guilt is great* shall not be bailable as a matter of right. If the evidence of guilt is not great, the person shall be bailable in accordance with section 7554 of this title.

(emphasis added). Pursuant to this section, if the court finds that the evidence of guilt is great, then the defendant does not have a right to bail. See *In re Dexter,* 93 Vt. 304, 314-15, 107 A. 134, 138 (1919). The language of the constitution and the statute is sparse. No definition of "great" is presented to guide us, nor is the stat-

---

[5] The State has not attempted to justify the bail order on the ground that defendant was engaged in "activities threatening the integrity of the judicial process." *State* v. *Mecier,* 136 Vt. 336, 339, 388 A.2d 435, 438 (1978). Accordingly, we do not consider whether this justification could apply in this case.

ute precise as to what options the trial judge has upon making such a finding. To fill in these blanks we must look to how other states have interpreted similar constitutional and statutory provisions.

All but a handful of states have constitutional provisions similar to the one at issue here.[6] These provisions are the offspring of the Petition of Right, 3 Car. 1, c.1 (1627), which provided that for bailable offenses no citizen could be detained before trial if he could meet bail. See Cogan, *The Pennsylvania Bail Provisions: The Legality of Preventive Detention,* 44 Temp. L. Q. 51, 52 (1970). Accused felons, however, did not have a right to bail. *Id.* at 53. Felons could be bailed only at the discretion of the King's Bench. While it was considered unjust to detain one before trial if bail could "secure his being amenable to justice," *id.* at 53 n.13 (quoting Justice Wilmot's *Notes of Opinions and Judgments* 91 (1802)), it was not considered unjust to refuse bail to one charged with a capital offense:

> [C]ommitment . . . being only for safe custody, wherever bail will answer the same intention it ought to be taken, as in most of the inferior crimes; but in felonies and other offenses of a capital nature no bail can be a security equivalent to the actual custody of the person. For what is there that a man may not be induced to forfeit to save his own life?

2 W. Blackstone, Commentaries** 296-97. As the colonies adopted constitutional provisions granting rights for release pending trial, they maintained the rule that where the risk that the guilty might escape outweighed the objective of preventing the punishment of the innocent, the court could refuse bail. "To decrease the possibility of such unnecessary punishment, bail was to be denied only to 'evident' capital accused, those whose guilt was in great measure certain." Cogan, 44 Temp. L. Q. at 57. A number of states have interpreted the word "great" in their constitutional provisions. We have two models in the nearby states of Maine and Rhode Island.

---

[6] Although it is unnecessary for us to survey the various state constitutional provisions and the holdings under them, a survey is provided in *Fountaine* v. *Mullen*, 117 R.I. 262, 366 A.2d 1138 (1976), a case relied upon in the body of the opinion.

The Maine Constitution provides for the denial of bail to those charged with "crimes which now are, or have been denominated capital offenses . . . when the proof is evident or the presumption great . . . ." Me. Const. art 1, § 10. In *Harnish* v. *State*, 531 A.2d 1264, 1266 (Me. 1987), the Maine Supreme Court held that "the State's showing of probable cause defeats a capital defendant's constitutional right to bail."[7] The court went on to hold that an indictment alone cannot supply the showing of probable cause; the bail judge must be independently satisfied that probable cause was present. *Id.* at 1268. The court rejected a defense argument that guilt had to be shown by clear and convincing evidence. *Id.*

The Rhode Island Constitution also states that bail is not a right for defendants charged with certain offenses where "the proof of guilt is evident or the presumption great." R.I. Const. art. 1, § 9. In *Fountaine* v. *Mullen*, 117 R.I. 262, 265, 366 A.2d 1138, 1140 (1976), the Supreme Court of Rhode Island held that "the burden of proof is upon the state to make such a showing [that the proof of guilt is evident or the presumption great] and that the mere fact of indictment does not satisfy that burden." The *Fountaine* court then determined that the language of the provision required a showing greater than probable cause. *Id.* at 266-67, 366 A.2d at 1141. On the other hand, a showing of proof beyond a reasonable doubt was not necessary since requiring such a finding before trial was duplication of trial efforts and "obviously wastes judicial resources and might prejudice a defendant's opportunity for a fair trial." *Id.* at 267, 366 A.2d at 1141.

In steering a middle course between the "probable cause" and "beyond a reasonable doubt" standards, Rhode Island adopted the standard in use in New Jersey because it best balanced the competing considerations.[8] That standard provides "that at a pre-

---

[7] In *Fredette* v. *State*, 428 A.2d 395, 405 (Me. 1981), the Maine court held that a trial court, in the exercise of its discretion, could release one accused of a capital offense on bail before conviction "*if* there is absent 'proof . . . evident or . . . presumption great' " that the party charged did commit the crime. See also *Commonwealth* v. *Baker*, 343 Mass. 162, 165, 177 N.E.2d 783, 785 (1961) ("From early colonial times bail appears to have been allowable in the court's discretion in capital cases and contempts committed in open court, and as a matter of right in all other cases.").

[8] The "New Jersey Rule" is the progeny of *State* v. *Obstein*, 52 N.J. 516, 523-24, 247 A.2d 5, 9 (1968):

trial bail hearing the hearing judge shall determine whether the facts adduced by the state, viewed in the light most favorable to the state (*i.e.*, notwithstanding contradiction of them by defense proof), are legally sufficient to sustain a verdict of guilty." *Id.* at 268, 366 A.2d at 1142.

The difference between the Maine and Rhode Island standards is the same as the difference between the showing the State must make to establish probable cause under V.R.Cr.P. 5(c) and the showing necessary to withstand a motion to dismiss for lack of a prima facie case under V.R.Cr.P. 12(d). The probable cause finding must be based on "substantial evidence, which may be hearsay in whole or in part, provided that there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." V.R.Cr.P. 4(b).

The standard used to judge a motion to dismiss for lack of a prima facie case is stricter. The prosecution must establish by affidavits, depositions, sworn oral testimony, or other admissible evidence "that it has substantial, admissible evidence as to the elements of the offense . . . sufficient to prevent the grant of a motion for judgment of acquittal at the trial." V.R.Cr.P. 12(d) (2). A motion for acquittal must be granted if "the evidence is insufficient to sustain a conviction." V.R.Cr.P. 29(a). Thus, the standard controlling a motion to dismiss for lack of prima facie case is whether the evidence, taken in the light most favorable to the State and excluding modifying evidence, can "fairly and reasonably" show defendant guilty beyond a reasonable doubt. *State* v. *Norton,* 147 Vt. 223, 229, 514 A.2d 1053, 1058 (1986); *State* v. *Burnham,* 145 Vt. 161, 164-65, 484 A.2d 918, 921 (1984). The

----

[T]he narrow and focal issue must be kept in mind by the trial court and the hearing tailored to that issue, *i.e.*, whether the facts adduced by the State, notwithstanding contradiction of them by defense proof, warrant the conclusion that if believed by a jury they furnish a reasonable basis for a [guilty] verdict . . . .

This rule is the majority rule among the approximately forty states which have provisions similar to Ch. II, § 40, of the Vermont Constitution. See also *In re Troia,* 64 Cal. 152, 28 P. 231 (1883); *Gladney* v. *District Court,* 188 Colo. 365, 535 P.2d 190 (1975); *State* v. *Teeter,* 65 Nev. 584, 200 P.2d 657 (1948); *Ex parte Simpson,* 37 N.M. 453, 24 P.2d 291 (1933); *Commonwealth ex rel. Alberti* v. *Boyle,* 412 Pa. 398, 195 A.2d 97 (1963); *Meldrum* v. *Campbell,* 20 Wyo. 87, 121 P. 26 (1912).

prima facie case determination adds two important elements beyond that established on a finding of probable cause: (1) that *substantial, admissible* evidence of guilt exists, and (2) the evidence can fairly and reasonably convince a fact-finder beyond a reasonable doubt that defendant is guilty.

Obviously, we are confronted with fundamental issues in choosing the proper standard. To give the State the power to detain a person prior to trial deprives a defendant of a fundamental value, the right to liberty, without an adjudication of guilt. As the U.S. Supreme Court stated recently in *United States* v. *Salerno,* "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. 739, 755 (1987). Pretrial detention necessarily cuts against the presumption of innocence inherent in our criminal jurisprudence. Thus in *Salerno* the Supreme Court recognized that the government's right to pretrial detention is limited to "special circumstances." 481 U.S. at 749. The interest must be "legitimate and compelling." *Id.*

We find that the Maine probable cause rule gives insufficient weight to the defendant's liberty interest and the presumption of innocence. Because independent examination of probable cause by the trial judge is the norm in this state, see V.R.Cr.P. 4(b), 5(c), 5(h), the Maine rule would automatically allow the denial of bail in all cases where the defendant is charged with an offense punishable by life imprisonment. The Maine rule is also difficult to reconcile with the language of our Constitution and statute, which is significantly different from that in the Maine Constitution. The rule adopted in Rhode Island better balances the competing interests. It creates no hardship for the prosecution because it simply accelerates a step - that is, the prosecution's showing that it has a prima facie case - that is otherwise part of the process. Accordingly, we adopt the standards under V.R.Cr.P. 12(d) as the correct standard of review under Ch. II, § 40 of the Vermont Constitution, and under 13 V.S.A. § 7553. If the State, or the trial court sua sponte, intends to deny bail pursuant to 13 V.S.A. § 7553, the State must show that facts exist that are legally sufficient to sustain a verdict of guilty. The trial court must make a specific finding that this burden has been met.

Once the trial court makes the above finding, it can deny bail if the defendant is charged with an offense punishable by life imprisonment. Even though the defendant is not entitled to bail in

such a case, the trial court does have discretion to allow bail. In *In re Dexter*, 93 Vt. at 315, 107 A. at 138, this Court held:

> even where the offense charged by indictment is a capital one, and the proof evident or presumption great, the prisoner may be admitted to bail in the discretion of the court having jurisdiction of the question; but in this connection it should be stated that discretion to be exercised by a court of justice is not an arbitrary, but a sound, judicial discretion, controlled by certain and well defined and established rules.

These "well defined and established rules" were not described in *Dexter*.

In *Fountaine* v. *Mullen*, 117 R.I. at 271, 366 A.2d at 1144, the Rhode Island Supreme Court announced the same holding as that in *Dexter*: defendants against whom the evidence has been shown to be great "should be released pending trial as a matter of discretion." The court in *Fountaine* likened the situation to a "post-conviction release" and referred to the standards used in such circumstances. The court also made clear that defendant was entitled to a hearing to determine whether he should be released pending trial as a matter of discretion. See *id.*

We adopt the holding of *Fountaine* that defendant is entitled to a hearing on conditions of release even though § 7553 applies. We emphasize that the trial court is under no obligation to set any conditions of release as a result of that hearing. In light of the remand of this case, we leave to another day the definition of any limits on that discretion as well as the standard of review of that discretion in this Court. We also note that the exercise of discretion may be required in a particular case to avoid running afoul of federal constitutional limits.

In viewing the trial court's holding from the perspective of § 7553, we are unable to determine whether the trial court made the finding required by that section under the standard of proof adopted in this opinion. We note that the burden imposed on the trial judge in this case is not heavy because a transcript of the former trial is available and the court need only review the evidence in the light most favorable to the State. If the trial court did find that the evidence of guilt is great and decided to grant bail pursuant to its discretion, we are unable to determine how it exercised its discretion on the limited findings before us. Accordingly, we must remand for appropriate findings and a statement

of the basis of the decision. See, e.g., *Vermont Investment Capital, Inc.* v. *Kramer,* 148 Vt. 632, 632, 533 A.2d 1193, 1194 (1987) (mem.).

In summary, we hold that the trial court's bail decision cannot be justified under 13 V.S.A. § 7554(a) based on the lack of evidence before the court and the sparse findings. On remand, the State may choose to introduce evidence to show why this bail amount, and no less restrictive conditions or bail amount, is necessary to prevent flight. We further hold that the court's findings are inadequate to support the bail order under § 7553. On remand, the court must determine whether the evidence of defendant's guilt is great pursuant to § 7553 and according to the standard announced in this decision, and if it does so find, shall show how it exercises its discretion to set bail, if it chooses to set any.

*Cause is remanded for a hearing and findings not inconsistent with this order.*