2015 VT 18

**STATE of Vermont v. Christopher TOBIN**

[___ A.3d ___]

No. 06-118

¶ 1. March 24, 2006. Defendant is charged with two counts of aggravated sexual assault on a minor under ten years of age, which have a possible punishment of life imprisonment. 13 V.S.A. § 3253(a)(8). According to 13 V.S.A. § 7553, defendant may be held without bail "when the evidence of guilt is great." Defendant requested and was granted an evidentiary hearing, at which he conceded that evidence of his guilt is great. The district court declined to release defendant on conditions and held defendant without bail pending trial. *Id.* Defendant requested a bail appeal review pursuant to 13 V.S.A. § 7556(e).

¶ 2. Although defendant has no right to bail, 13 V.S.A. § 7553, he is entitled to a hearing on conditions of release. See *State v. Duff*, 151 Vt. 433, 441, 563 A.2d 258, 264 (1989); *In re Dexter*, 93 Vt. 304, 315, 107 A. 134, 138 (1919). The court may exercise its discretion to release defendant pending trial and set bail. *Duff*, 151

Vt. at 441, 563 A.2d at 263. In these circumstances, we review the decision to hold defendant without bail for abuse of discretion. *State v. Blackmer*, 160 Vt. 451, 456, 631 A.2d 1134, 1138 (1993).

¶ 3. On appeal defendant argues that the court abused its discretion in failing to allow defendant to be released on bail. The district court concluded that, due to defendant's previous violations of probation — including violation of the probation imposed as part of the sentence imposed for a domestic assault on the alleged victim's mother — the court could not find sufficient evidence to conclude it could trust defendant to follow conditions if he were released on bail. The court specifically noted it considered the factors established in 13 V.S.A. § 7554 in deciding whether to release defendant pursuant to its discretion. See *State v. Turnbaugh*, 174 Vt. 532, 535, 811 A.2d 662, 666 (2002) (mem.) (finding no abuse of discretion where court considered defendant's request for release on conditions and declined after consideration of factors set forth in § 7554). The court's position is supported by the record, and we cannot find that it abused its discretion in declining to set conditions of release.

*Affirmed.*