2015 VT 24

**STATE of Vermont v. Shawn E. HARPER**

[___ A.3d ___]

No. 08-426

¶ 1. October 31, 2008. Defendant, a thirty-three year old man, was arraigned on two counts of aggravated sexual assault on a child under the age of ten, 13 V.S.A. § 3253(a)(8), a crime punishable by life imprisonment. *Id.* § 3253(b). Our bail statutes provide that a person may be held without bail when "charged with an offense punishable by life imprisonment," as long as "the evidence of guilt is great." *Id.* § 7553. Pursuant to that statute, the State moved to hold defendant without bail.

¶ 2. The trial court initially denied the State's motion at an August 29 hearing, and set bail at $25,000 with conditions of release. At that time, the State's evidence consisted of two affidavits, which were admitted into evidence without objection by the defense. One of the affidavits was signed by the ten-year-old complainant and the other by the investigator who interviewed the complainant. The court concluded that the sworn statement could not have been the complainant's own statement because the text was not consistent with language that a ten-year-old child would use. Because it was not evident that the child could have understood all of the words in the putative sworn statement, the court held that there was insufficient evidence to justify holding defendant without bail.

¶ 3. At the close of the hearing, the State indicated that it would be submitting the original videotape of the complainant's interview for the court's review. The court invited the submission and requested that the State also submit pro-

posed findings. Defendant did not object then, and the court did not at all make clear, nor did the described process suggest, that the defense would be foreclosed from contesting admission of the videotape when actually introduced.

¶ 4. Over the course of the two weeks following the August 29 hearing, the State submitted to the court the investigator's interview videotape, two more affidavits by separate witnesses to corroborate portions of the victim's interview, proposed findings of fact, and a motion to increase bail. On September 16, without any further hearing, the court adopted the State's proposed findings and ordered defendant held without bail. Several findings are based directly on the contents of the videotape and the affidavits filed post-hearing. The order concludes by stating that those findings are sufficient to show that the evidence of defendant's guilt is great and that there are no less restrictive conditions that would ensure defendant's appearance in court. Defendant appealed that order here.

¶ 5. We will uphold the determination of the trial court whenever it is "supported by the proceedings below." 13 V.S.A. § 7556(b). Here, however, the trial court's proceedings were inconsistent with our bail statutes and case law and we must remand this matter for two reasons. First, the trial court treated the State's post-hearing filings as evidence without allowing defendant any opportunity to react. Second, since the court made no findings regarding defendant's risk of flight or risk to safety, nor conducted any hearing on conditions of release, the court completely withheld its discretion as to whether defendant should be released.

¶ 6. As noted, an accused may be held without bail if he is charged with a crime punishable by life in prison and the "evidence of guilt is great." *Id.* § 7553; Vermont Const. ch. II, § 40. Recognizing this as a reversal of the general presumption that an accused has a right to bail, we have held

that the State's burden is the fairly demanding standard by which a court judges the sufficiency of a prima facie case to defeat a motion to dismiss under V.R.Cr.P. 12(d)(2). *State v. Duff,* 151 Vt. 433, 440, 563 A.2d 258, 263 (1989). Accordingly, the State must present "substantial, admissible" evidence which, taken in the light most favorable to the State, can "fairly and reasonably show defendant guilty beyond a reasonable doubt." *Id.* at 439, 563 A.2d at 263 (internal quotes omitted).

¶ 7. In the instant case, defendant asserts that the trial court considered the videotape and affidavits without allowing the defense an opportunity to object or respond. The State responds that its proffer was made at the August 29 hearing and defendant voiced no objection. The record of the hearing reflects the offer, but also indicates the defendant had not yet seen the exhibits and does not preclude objection by the defense at such time when the exhibit would actually be submitted. The defense is entitled to contest, on remand, the admissibility of these later-filed exhibits, and the State's prima facie case.

¶ 8. The second issue that must be addressed is whether there are any conditions under which defendant could be released. In its order, the court summarily concluded that no conditions less restrictive than being held without bail could ensure defendant's appearance, but made no findings on that question. It is practically impossible to affirm the trial court's decision on review when the court fails to make any findings and offers no explanation for its decision. In any event, defendant is entitled to a hearing on conditions of release since the trial court may, in its discretion, allow bail and conditions of release even when a defendant is not entitled to bail as a matter of right. *Id.* at 441, 563 A.2d at 264. Thus, we must remand for that hearing in the event that the State makes its prima facie case.

*Remanded.*