SUPREME COURT DOCKET NOS. 2011-410 & 2011-411

DECEMBER TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Windsor Unit, |
| | } | Criminal Division |
| Rudolph Winston | } | |
| | } | DOCKET NO. 1100-9-11 Wrcr |

| | | |
|---|---|---|
| State of Vermont | } | |
| | } | |
| v. | } | |
| | } | DOCKET NO. 1097-9-11 Wrcr |
| Cynthia Winston | } | |

Trial Judge: M. Patricia Zimmerman

In the above-entitled causes, the Clerk will enter:

Defendants are parents charged with counts of unlawful restraint and cruelty to children for acts committed against two of their three children. At arraignment, the court imposed conditions of release, including condition 14, which prohibits contact with all three children. Defendants challenged the condition, and the court held an evidentiary hearing. The trial court concluded that the condition was necessary to protect the children. Defendants appeal.

Under 13 V.S.A. § 7556(c), a defendant may appeal a condition of release to a single justice of this Court. "Any order so appealed shall be affirmed if it is supported by the proceedings below." Id.

The court recited the following facts. By information, in September 2011, defendants were charged with counts of unlawful restraint and cruelty to children for acts against their adoptive daughters, A.W. and K.W. According to the information, the girls were kept in their bedrooms with little furniture and no sanitary facilities. They were permitted to leave for only brief periods of time and punished if they attempted to exit their rooms. Defendants' third daughter, C.W., is a witness to the allegations. Based on the same conduct as formed the basis for the criminal allegations, in August 2011, all three children were taken into the custody of the Department for Children and Families (DCF).[1] At the hearing on defendants' motion to alter the

---

[1] The child-protection proceedings are ongoing in the family division. Apparently, DCF initially allowed parents to have two supervised visits with K.W. and C.W., but stopped visits once the criminal charges were brought. At the time of the hearing, there was no order from the family division directing contact with the parents, but the criminal division indicated that it

condition of release precluding contact with all three children, the State presented testimony from a DCF supervisor who observed interviews with all the children and had met with them personally. She explained that DCF had concerns about the emotional safety of the children if they were to have contact with their parents. No other evidence was presented at the hearing. In a written order, the court denied the motion. The court concluded that A.W. and K.W. were at risk of harm given the credible allegations of neglect and abuse. As to C.W., the court concluded that there was also a risk of harm because of her "endorsement of her sisters' living conditions, and her corroboration of those living conditions to investigators." Thus, the court concluded that the condition was warranted as protection of public. The court also concluded that the condition was justified because A.W. and K.W. are victims and C.W. is an eyewitness to the allegations.

Defendants first argue that the court improperly considered hearsay statements in setting the conditions of release. Defendants object to the court's consideration of the affidavit in support of probable cause and the DCF worker's testimony of statements made by the children. Defendants contend that the State was required to produce admissible evidence to support the imposition of the condition barring contact, citing State v. Duff, 151 Vt. 433, 440 (1989). Duff is not applicable to this case, however, because it involved the denial of bail pursuant to 13 V.S.A. § 7553, under which the State must show that the evidence of guilt is great based on admissible facts.

In contrast, this case does not involve the denial of bail, but imposition of conditions of release. The trial court may impose conditions of release "reasonably necessary to protect the public," and may also "order that a defendant not harass or contact or cause to be harassed or contacted a victim or potential witness." 13 V.S.A. § 7554(a)(2)(D), (a)(3). The statute specifically delineates that "[i]nformation stated in, or offered in connection with, any order entered pursuant to this section need not conform to the rules pertaining to the admissibility of evidence in a court of law." Id. § 7554(g). Therefore, in setting conditions of release under § 7554, the court is not constrained by the rules of evidence and may consider hearsay.

Defendants next contend that the order prohibiting contact with their children is not the least restrictive condition and therefore violates the statute.

Defendants' argument derives from § 7554(a)(2), which gives a judicial officer general authority to protect the public by imposing "the least restrictive" condition or combination of conditions of release and a "physically restrictive condition" only in "extraordinary circumstances," id. § 7554(a)(2)(D).[2] The no-contact order in this case is not grounded on that subsection, but § 7554(a)(3), which allows a judicial officer to order that a defendant "not harass or contact or cause to be harassed or contacted a victim or potential witness." 13 V.S.A. § 7554(a)(3). Under § 7554(a)(3), there is no "least restrictive" condition requirement. See State v. Crowningshield, No. 2011-174, 2011 WL 4984844 (Vt. May 25, 2011) (unpub. mem.) (attached). It was thus within the trial court's authority under § 7554(a)(3) to impose a condition

would "amend the condition of release to permit contact in accordance with" any family division order.

[2] The trial court found that condition 14 is not a "physically restrictive condition" and defendants dispute that conclusion. In view of my disposition, I do not address that issue.

2

that defendants not be allowed to see their children—all either victims or witnesses. While defendants may not necessarily be a danger to the third child, this condition is supported by the proceedings below, which indicate that this child is a potential witness for the State and may be influenced by defendants.

Finally, contrary to defendants' assertion, the condition is not an effective termination of their parental rights. It is a temporary measure pending a trial on the criminal charges at which a full adjudication of the charges will ensue with evidence presented by both sides and an opportunity for cross-examination. Further, the evidence here indicated that the effect of visitation on the children was receiving full consideration in the family division as part of the juvenile case, and that consideration could result in the relief defendants seek.

Condition 14 is supported by the proceedings below with respect to each child and its imposition is affirmed.

FOR THE COURT:

_____

John A. Dooley, Associate Justice

3

Only the Westlaw citation is currently available.

VERMONT SUPREME COURT UNPUBLISHED ENTRY ORDER.

Supreme Court of Vermont.
STATE of Vermont
v.
Christopher CROWNINGSHIELD.

No. 2011–174.
May 25, 2011.

Appealed from Superior Court, Addison Unit, Criminal Division, Docket No. 154–3–11 Ancr, Nancy Corsones, Trial Judge.

*ENTRY ORDER*

JOHN A. DOOLEY, Associate Justice.

**\*1** In the above-entitled cause, the Clerk will enter:

Defendant appeals from the trial court's decision on his motion to amend conditions of release imposed by the court following his arraignment on a charge of domestic assault under 13 V.S.A. § 1042. Defendant's primary concern is the condition that prevents him from having contact with his son, T.C., unless he does so through Women's Safe. Defendant argues the court erred in three ways: (1) the court's decision to prohibit unsupervised contact between defendant and T.C. was not supported by the record; (2) the court failed to consider the factors set out in 13 V.S.A. § 7554; and (3) the court's order that defendant be prohibited from having contact with his son, T.C., except as supervised by Woman's Safe, is not the least restrictive condition to assure protection of the public.

Under 13 V.S.A. § 7556(c), a defendant may appeal a condition of release to a single justice of this Court. "Any order so appealed shall be affirmed if it is supported by the proceedings below." *Id.*

The record indicates that defendant was charged with domestic assault for allegedly assaulting his wife. According to a police officer affidavit, defendant's son, T.C. told the officer that he had witnessed his mother and father fighting and had seen his father hit his mother. The child called 911 during the incident.

The relevant statute in this case is 13 V.S.A. § 7554. Section 7554(a)(2) gives a judicial officer general authority to protect the public by imposing "the least restrictive" condition or combination of conditions of release described in the statute. Section 75544(a)(3) further allows a judicial officer to order that a defendant "not harass or contact or cause to be harassed or contacted a victim or potential witness." 13 V.S.A. § 7554(a)(3). Under § 7554(a)(3), the court need not necessarily impose the "least restrictive" condition to prevent harassment of or contact with a potential witness. It was thus within the trial court's authority under § 7554(a)(3) to impose a condition that defendant not be allowed to see T.C. unless he did so through Women's Safe.[FN1] While defendant may not necessarily be a danger to T.C., this condition is supported by the proceedings below, which indicate that T.C. is a potential witness for the State and may be influenced by his father. The court's concern for the best interests of the child did not lead to an inappropriate decision under § 7554(a)(3).

> FN1. Defendant apparently has not attempted to coordinate with Women's Safe yet, and he provides no specifics about the logistical difficulties involved in conducting visits through the organization.

We affirm the trial court's decision regarding conditions of release. We note, however, that we do not read condition 14 as preventing defendant from having third party contact with defendant's wife for the limited purpose of coordinating visits with R.C.



Not Reported in A.3d, 2011 WL 4984844 (Vt.)
**(Cite as: 2011 WL 4984844 (Vt.))**

*Defendant is permitted to have contact with Amy Crowningshield through third parties for the limited purpose of facilitating contact with R.C.; the remaining conditions are supported by the proceedings below and are affirmed.*

Vt.,2011.
State v. Crowningshield
Not Reported in A.3d, 2011 WL 4984844 (Vt.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.