# ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-192

May TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Orange Unit, |
| | } | Criminal Division |
| Stephen Messier | } | |
| | } | DOCKET NO. 164-5-13 Oecr |
| | } | |
| | | Trial Judge: Timothy Tomasi |

In the above-entitled cause, the Clerk will enter:

Defendant appeals the denial of his motion to review bail, arguing that he cannot afford the bail imposed and that other, nonmonetary conditions would suffice to ensure his appearance in court. Recognizing this Court's highly deferential standard of review in these cases, I affirm.

Defendant is currently charged with attempted lewd and lascivious conduct with a child and lewd and lascivious conduct with a child, both in violation of 13 V.S.A. § 2602. At his arraignment, on May 9, 2013, the State requested bail in the amount of $75,000. The court imposed a series of conditions not subject of this appeal and set bail at $10,000 to encourage appearance, noting defendant's residence in a short-term hotel at the time of his arrest, lack of employment, and allegations that defendant indicated he hoped to move to Florida to get away from his problems.

Unable to post the required bail, defendant on May 13 moved the court to review bail. In response to concerns about defendant's residence, defendant's grandmother testified that she would be willing to have defendant live in her house, which is located on the same parcel as defendant's mother's home. Defendant's counsel also reiterated that defendant, because of his emotional and cognitive difficulties, lacked the independent monetary or experiential resources to make good on any purported plan to move to Florida.

On review, the court observed that defendant did not have a significant criminal record, had no escape or failure-to-appear charges, has family in the area, and participates in ongoing medical and psychiatric counseling, requiring weekly appointments. The court nevertheless concluded that cash bail in some amount remained appropriate because it perceived some risk of flight. In support of this conclusion, the court noted that defendant faces two felony charges, each of which carry a penalty of up to fifteen years in prison; defendant's professed interest in relocating to Florida offered some insight into defendant's mental state; the evidence, at least as recounted in the State's affidavit of probable cause, was strong; and, finally, that defendant's

grandmother would not be able to provide supervisory oversight adequate to ensure defendant's appearance in court.

Defendant timely appealed the trial court's denial of his motion to review bail. At oral argument, defense counsel maintained that his grandmother's home would afford a stable location that defendant would lack the resources to depart the jurisdiction, in part, because his mother is the payee for the Social Security payments that constitute his sole source of regular monthly income. Defense reiterated that defendant had never handled his own affairs, did not have a driver's license, and relied entirely on a case worker for his transportation needs.

On appeal, this Court reviews bail conditions under a highly deferential standard. See 13 V.S.A. § 7556(b) ("Any order so appealed shall be affirmed if it is supported by the proceedings below."); State v. Weller, 152 Vt. 8, 8 (1989) ("Our review is limited to whether the order appealed from is supported by the proceedings below.) (quotation omitted). It is, thus, not for this Court to reweigh the facts but rather to serve as a check, determining whether adequate support exists in the record for a trial court's bail determination.

Our bail statute indicates that where the court is not satisfied that personal recognizance or an unsecured appearance bond are sufficient to ensure a defendant's later appearance in court, it must impose the least restrictive condition or combination of conditions that will reasonably assure defendant's appearance. See 13 V.S.A. § 7554(a). The statute identifies an increasingly restrictive list of possible conditions. These conditions can include placing a defendant in the supervisory custody of a person or organization. Id. § 7554(a)(1)(A). They may also include the imposition of a cash or surety bond in a specified amount. Id. § 7554(a)(1)(E). A surety bond or cash bail may not be imposed solely for the purpose of keeping a defendant in custody. See State v. Duff, 151 Vt. 433, 436 (1989) (purpose of bail to assure court appearance). Nevertheless, bail is not excessive or unjustified merely because a defendant cannot afford it. Id. In isolation, the severity of the charges would not provide a sufficient evidentiary basis for a court's conclusion that a defendant poses a flight risk requiring the imposition of bail. See Duff, 151 Vt. at 436 ("If that alone were sufficient to set a high cash bail amount, the constitutional right to bail would be a nullity for all defendants charged with serious crimes."). The potential threat of incarceration is a factor that must, however, be considered. § 7554(a) and (b). When setting those conditions, the court is specifically required to take into consideration: the nature and circumstances of the alleged crime, the weight of the evidence, family ties, employment, financial resources, character and mental condition, length of residence in the community, convictions and appearance track record. 13 V.S.A. § 7554(b).

I find that the record reflects adequate support for the trial court's conclusions and that the court's decision to impose a cash bail to assure appearance is not unreasonable. See Weller, 152 Vt. at 10 (affirming trial court bail determination where reasonable in light of record and conclusions). First, as the trial court noted, defendant faces two charges which carry the risk of significant jail time if convicted and this was not the sole basis for its imposition of cash bail. Cf. Duff, 151 Vt. at 436. Second, the evidence as outlined in the affidavit of probable cause appears to be strong in light of potentially incriminating statements defendant allegedly made to an investigating officer. The trial court could logically infer that a greater possibility of conviction increases the incentive to flee, even if, as defense counsel argues, defendant's apparent cooperation with police might also suggest a lack of desire to abscond. Third, although it is far

from clear that defendant's purported profession of an intent to relocate to Florida relates directly to the pending charges or that such a move would be logistically or financially feasible for defendant, the statements nevertheless might be taken to indicate a mental state focused on evasion. Lastly, the trial court expressly considered but rejected the less restrictive option of appointing defendant's grandmother to supervise defendant. In deciding to maintain the cash bail, the court expressed doubt that grandmother would be able to provide adequate supervision to ensure defendant's appearance in court.[*] The record reasonably supports that conclusion. Defendant's grandmother testified that she works as a nurse and would therefore be absent about nine and a half hours a day, five days a week. The grandmother indicated that during her absence, defendant's mother could supervise him. It would not be unreasonable for the court to conclude that this arrangement would provide inadequate oversight to ensure court appearances, particularly given the fact that the circumstances under which defendant initially moved out of his mother's home are not clear from the record. Moreover, defendant's grandmother also indicated that it had been three years since he lived with her and that she was not particularly close with him.

In sum, the record contains sufficient support for the trial court's conclusion that defendant posed an unreasonable flight risk absent the imposition of a cash bail requirement because of the severity of the charges, weight of the evidence, and defendant's own professed intent to relocate to Florida to get away from his problems, whether those related to pending allegations or not.

Affirmed.

FOR THE COURT:

_____

Paul L. Reiber, Chief Justice

---

[*] The trial court also concluded that grandmother's supervision would be insufficient to ensure defendant did not have contact with minor children. While this is not an observation appropriately bearing directly on the amount of bail to set, the court may properly consider this factor in determining that the house provided an inappropriate setting for defendant's conditional release and therefore rendered the grandmother's supervision in lieu of bail impracticable.