**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2014-113

MAY TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Orleans Unit, |
| | } | Criminal Division |
| Daniel Dunn | } | |
| | } | DOCKET NO. 127-3-14 Oscr, |
| | } | 125-3-14 Oscr |
| | } | |
| | | Trial Judge: Howard E. Van Benthuysen |

In the above-entitled cause, the Clerk will enter:

Defendant Daniel Dunn appeals from the superior court's denial of his application for home detention pursuant to 13 V.S.A. § 7554b and his request to reduce bail. We reverse and remand the court's denial of his home detention motion, and affirm the court's decision not to reduce bail.

Defendant was arraigned on March 11, 2014 on charges of grand larceny, 13 V.S.A. § 2501, and assault and robbery with a dangerous weapon, 13 V.S.A. § 608(b). At his arraignment, the superior court set bail at $150,000 in a secured appearance bond with a cash deposit of $15,000. The court also imposed various conditions of release. Defendant was incarcerated due to his inability to post the secured appearance bond and deposit.

Following his arraignment, defendant requested a reduction in the bail amount and filed a motion to be placed on pretrial home detention. The court held a bail review hearing on March 31, 2014 and ultimately denied defendant's motion. The court also denied defendant's request to reduce bail. Defendant appealed to this Court.

On appeal, defendant argues that $150,000 bail is unconstitutionally excessive.[1] He contends that because he is indigent, any monetary bail would be excessive and to impose bail is tantamount to denying him release. He argues that there are a number of conditions other than monetary bail, including home detention, that would ensure his court appearance and that the trial court did not account for many of the factors that would weigh in favor of these alternative conditions.

---

[1] Defendant's pro se filing was styled as a motion for review of denial or pretrial home detention, however, defendant raises challenges to his bail amount and requests both that he be granted home detention and that the bail order requiring a $150,000 secured appearance bond be vacated.

With respect to the home detention, defendant argues that the trial court improperly relied on its assessment of the limitations of the Department of Correction's (DOC) home detention monitoring practices to deny home detention. He further argues that to the extent that trial court concluded that a $150,000 appearance bond, with 10%, or $15,000, cash down was sufficient to secure against any risk of flight, the trial court abused its discretion in concluding that detention, supervision by the DOC, and electronic monitoring were not sufficient to protect against that same risk. Given that the defendant here was and is bailable, defendant argues, it defies the Legislature's expressed desire to promote home detention under DOC supervision as an alternative to incarcerative pretrial detention.

We first consider defendant's application for home detention. Section 7554b of Title 13 allows court review to determine if home detention is appropriate when a defendant is detained pretrial for more than seven days for lack of bail. 13 V.S.A. § 7554b(b). When determining whether pretrial home detention is appropriate, the court must consider:

(1) the nature of the offense with which the defendant is charged;
(2) the defendant's prior convictions, history of violence, medical and mental health needs, history of supervision, and risk of flight; and
(3) any risk or undue burden to other persons who reside at the proposed residence or risk to third parties or to public safety that may result from such placement.

Id.

The statute applies to individuals held without bail pursuant to 13 V.S.A. § 7553, as well as to bailable individuals pursuant to § 7554 who simply cannot muster the funds. However, the presumptions surrounding an application for home detention are in some respects different in these distinct scenarios. In cases governed by § 7553, "the presumption is switched so that the norm is incarceration and not release." See State v. Blackmer, 160 Vt. 451, 458 (1993). See also State v. Whiteway, 2014 VT 34, ¶ 18, ___ Vt. ___ (because of Blackmer presumption, defendant in § 7553 case has the burden to show that home detention should be ordered). In contrast, in a § 7554 case, the broader framework established by the Legislature calls for release subject to the least restrictive set of conditions that will reasonably assure the appearance of the person as required, and protection of the public. 13 V.S.A. § 7554(a)(1), (2). Although home detention is not itself a condition of release, as it is a condition of confinement subject to DOC supervision, see § 7554b, the broader framework favoring the least restrictive, reasonably effective conditions in § 7554 cases applies to requests for home detention by defendants bailable pursuant to § 7554.

At the bail review hearing in this case, the court heard testimony from a single witness, defendant's mother, in whose home defendant would live while on home detention. She testified that she would be responsible for transporting defendant to court appearances and would report any unlawful activity to the police.

The court then considered the statutory factors at 13 V.S.A. § 7554b. With respect to the first factor, the court found that defendant was charged with serious crimes, including armed robbery, which it deemed "one of the most serious crimes that we have in Title 13." The court

2

further stated that defendant faces up to fifteen years of incarceration on the assault and robbery charge and up to ten years on the grand larceny charge, totaling a potential sentence of up to twenty-five years in prison.

Regarding the second set of factors, the court found that defendant has fifteen prior convictions, including three felony convictions and one conviction for a crime of violence. It further found that he failed to appear in court on two occasions in 2009 and violated his probation on two occasions. The court stated that it did not know much about defendant's medical or mental health needs. Although the court acknowledged that the defendant had returned from Maine voluntarily for his arraignment, the court noted that immediately following the alleged offense—holding up a local store using a knife—defendant went back to Maine.

As to the third factor, the court found that defendant's "past record gives rise to a concern about the safety of the public" and noted that the charged offense also involves the use of a knife to rob a local store.

The court then denied defendant's application for home detention. In reaching that decision, the court referred to home detention as a "bit of an unfunded mandate," stating that it is "not clear to the Court that [the DOC] really has the personnel or the ability to fully supervise folks who are let out with a GPS monitor." It further stated that such monitors do not allow the DOC to detect a fleeing defendant.

The decision to place a defendant in the home detention program is left to the sole discretion of the trial court and we review that decision for abuse of discretion. Whiteway, 2014 VT 34, ¶ 20. See State v. Barrows, 172 Vt. 596, 596 (2001) (mem.). We will reverse the court's decision "only where the trial court's discretion was either totally withheld, or exercised on clearly untenable or unreasonable grounds." State v. Messier, 2005 VT 98, ¶ 15, 178 Vt. 412.

We first consider defendant's argument that the trial court's decision was based on improper assumptions about the efficacy of the DOC's monitoring of individuals in home detention that were not supported by any evidence in the record. A three-Justice panel of this Court has recently emphasized that under the statute home detention "places a defendant in the custody of the commissioner of the DOC just as a defendant who is incarcerated is in the commissioner's custody." Whiteway, 2014 VT 34, ¶ 22. The panel explained, in the context of a request for home detention with respect to a defendant found not entitled to bail pursuant to §7553:

> Although the court must consider the risk to public safety in placing a defendant on home detention . . . we do not view this consideration to include second-guessing how the commissioner administers the home detention program. The Legislature has clearly articulated a preference for home detention, where appropriate, over pretrial incarceration lasting longer than seven days. It is the courts' duty to implement that preference in the manner prescribed by the Legislature.

Id.

3

In this case, the trial court properly considered the effectiveness of the proposed home detention in securing defendant's appearance and protecting the public, as required by § 7554b. However, in doing so, the court drew a conclusion about the effectiveness of the DOC's home detention program—that DOC does not have the ability to supervise individuals released on GPS monitors, and cannot detect someone who may be absconding—that was unsupported by any evidence in the record. The fact that the home detention program is likely somewhat less secure than incarcerative detention is obvious, and a court can properly weigh the higher risks of a home-based pretrial detention, as opposed to incarcerative detention, against the specific circumstances in an individual case suggesting risk of flight or danger to the public. However, the court's assumption about DOC administration of the home detention program went further, and was not supported by any evidence in this case. This is not a matter that arises so often that an accurate general understanding of the operation of the DOC program can be presumed. At oral argument, the State could not think of any home detention cases in Orleans County. In reviewing the trial court's findings, this Court cannot conclude that this factor was not a substantial factor in the court's consideration. We accordingly reverse and remand for consideration by the trial court of the remaining relevant factors.

Defendant's second argument likewise merits consideration. How is it, defendant asks, that defendant's risk of flight is minimal enough that it can be managed through a $150,000 bond, with 10% cash down, but is simultaneously so high that it cannot be managed through the arguably more rigorous measure of detention in a home setting under DOC supervision, with electronic monitoring?

In assessing the propriety of a home detention order in a § 7554 case, the trial court is charged with considering a host of factors and finding the least restrictive, reasonably effective method of assuring the defendant's appearance and protecting the public. In addition to other factors, two important variables are in play: restrictiveness and effectiveness. The relative restrictiveness of home detention may be in the eye of the beholder. Arguably, detention under DOC supervision and subject to electronic monitoring is more restrictive than release on cash bail, but to this particular defendant, the home detention alternative is obviously preferable and functionally less restrictive.

With respect to effectiveness, it's likewise difficult to determine which is the stronger medicine. This Court cannot say as a matter of law that cash bail is always more effective than home detention, or vice versa. The trial court is charged with making this judgment based on factors specific to the defendant's case and circumstances. The trial court here has already concluded that defendant presents at least some risk of flight on the basis of his travel to Maine after the crime, his Maine address, and his past history, although the court acknowledged that defendant voluntarily returned to Vermont for his arraignment. On remand, the trial court could, on this record, conclude based on factors specific to defendant that home detention is a less restrictive approach in this case, and that home detention would be reasonably effective in assuring his appearance. But it could also conclude that cash bail is the least restrictive method necessary to secure defendant's appearance in this case because defendant presents sufficient flight risk that home detention is inappropriate, but defendant is likely to respond to the financial

4

penalty incident to a failure to appear after posting bail.[2] Either ruling would be within the trial court's broad discretion on this record.

Defendant also argues that his criminal record, failures-to-appear, and violations of probation are irrelevant because they occurred when he was a minor. It was not improper for the court to consider these instances in its analysis of the statutory factors. The statute makes no such distinction for purposes of assessing the appropriateness of home detention.

Finally, we consider defendant's challenge to the amount of his bail. According to 13 V.S.A. § 7554, criminal defendants charged with offenses that are not punishable by life imprisonment and that do not involve acts of violence are bailable as a matter of right. 13 V.S.A. § 7554(a). The statute allows pretrial release on the "least restrictive condition" that will "reasonably assure the appearance of the person as required." 13 V.S.A. § 7554(a)(1); State v. Duff, 151 Vt. 433, 435 (1989). The execution of a secured appearance bond and a deposit in cash is among the potential conditions listed in the statute. Id. § 7554(a)(1)(D).

In setting bail, the court must determine which conditions will reasonably assure the appearance of the defendant. 13 V.S.A. § 7554(a). When determining which conditions of release to impose, the judicial officer must, accounting for available information, consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against accused; (3) the accused's family ties, employment, financial resources, character and mental condition; (4) the length of residence in the community; (5) record of convictions; (6) record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings; and (7) recent history of actual violence or threats of violence bearing on the accused's character and mental condition. 13 V.S.A. § 7554(b).

At the bail review hearing, the court, after discussing its findings and conclusions with respect to defendant's request for home detention, stated "based on those same findings and conclusions, we won't reduce the bail at this juncture either."

Our review of bail is limited by statute and the superior court's order "shall be affirmed if it is supported by the proceedings below." 13 V.S.A. § 7556(b). In this case, there is sufficient support for the bail set by the superior court and we affirm. Defendant is facing serious charges that collectively carry a potential sentence of twenty-five years incarceration should he be convicted. These charges involve the use of a dangerous weapon. Further, as the trial court found, defendant's history shows that he has two failures-to-appear and two violations of probation. Defendant uses a Maine address, and allegedly went to Maine directly after the charged crimes. Each of these factors supports the trial court's imposition of substantial monetary bail to secure defendant's appearance in court.

Moreover, that defendant cannot afford the bail set by the superior court does not alone make the bail amount excessive. Duff, 151 Vt. at 436. "The purpose of bail is to assure

---

[2] This analysis focuses on flight risk as opposed to danger to the public, because the fact that the trial court authorized his release on bail suggests that the trial court did not find that the evidence of guilt is great and that defendant poses a substantial threat of violence that could not be reasonably prevented by conditions of release.

appearance in court and defendant need not be capable of meeting bail in order for the amount to be supported by the record." Id. (citation omitted). Our conclusion that the bail amount was supported by the proceedings and thus within the bounds of the bail statute likewise addresses defendant's Eight Amendment claim. See Stack v. Boyle, 342 U.S. 1, 5 (1951) (bail set higher than an amount reasonably calculated to assure the presence of accused is "excessive" under Eighth Amendment).

For the above reasons, the trial court's denial of defendant's motion for home detention is reversed and remanded for reconsideration consistent with this opinion, and the court's denial of defendant's motion to reduce bail is affirmed.

FOR THE COURT:

_____
Beth Robinson, Associate Justice