**ENTRY ORDER**
SUPREME COURT CASE NO. 26-AP-140
APRIL TERM, 2026

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| | } | |
| v. | } | Superior Court, Criminal Unit, |
| | } | Windham Division |
| Cameron Waite | } | |
| | } | CASE NO. 26-CR-03447 |
| | } | |
| | } | Trial Judge: Michael R. Kainen |

In the above-entitled cause, the Clerk will enter:

Defendant Cameron Waite appeals from a superior court order holding him without bail pursuant to 13 V.S.A. § 7553a. He concedes that he has been charged with a felony crime of violence and that the evidence of his guilt is great, but he contests whether the evidence clearly and convincingly establishes that he presents a substantial threat of physical violence to the alleged victim and that no conditions or combination of conditions would reasonably prevent the physical violence. For the following reasons, I reverse the hold-without-bail order and remand for the court to release defendant pending trial subject to conditions specified below.

A criminal defendant may be held without bail if: (1) they are charged with a felony, an element of which involves an act of violence against another person, (2) the evidence of guilt is great, and (3) the court finds by clear and convincing evidence that defendant's release poses a substantial threat of physical violence to any person and that no condition or combination of conditions of release will reasonably prevent the physical violence. Vt. Const. ch. II, § 40; 13 V.S.A. § 7553a. The procedure permits "pretrial detention, in appropriate circumstances, of those accused of violent crimes so as to prevent further harm to the victims of the crimes and to others." State v. Madison, 163 Vt. 360, 363 (1995) (per curiam).

Section 7553a involves a determination regarding the legal sufficiency of the evidence. The purpose of the review is to ensure that defendants are not detained in cases where the evidence would be legally inadequate to support a guilty verdict at trial even if the jurors resolve every evidentiary conflict in favor of the State. State v. Duff, 151 Vt. 433, 440 (1989). In conducting this review, the Court does not make any credibility determinations or express any opinions about defendant's guilt or innocence, but rather evaluates the evidence in the light most favorable to the State and disregards the effects of any modifying evidence. State v. Downing, 2020 VT 97, ¶ 6, 213 Vt. 643 (mem.). In this case, defendant concedes that there is sufficient evidence to sustain a guilty verdict at trial.

Section 7553a also requires a factual assessment about whether defendant poses a substantial threat of physical violence to any person and whether any conditions of release would reasonably ameliorate the threat. This is not a test of legal sufficiency, and the Court does not view the evidence in the light most favorable to the State. Instead, the Court evaluates the credibility of the witnesses, considers the reliability of the evidence and the meaning of any modifying evidence offered by defendant, and determines whether the State has proven any contested risk-related factors by clear and convincing evidence. State v. Hosten, No. 26-AP-008, 2026 WL 253322, at *2 (Vt. Jan. 30, 2026) (unpub. mem.), https://www.vtcourts.gov/sites/default/files/documents/eo26-008.bail_.pdf. It is difficult for the State to meet this burden, and it is meant to be, because preventive pretrial detention "undermines the presumption of innocence by depriving a defendant of a fundamental value, the right to liberty, without an adjudication of guilt." Downing, 2020 VT 97, ¶ 20 (quoting State v. Sauve, 159 Vt. 566, 573 (1993)).

In this case, defendant was arrested on April 6, 2026. He was arraigned the following day on three counts of second-degree aggravated domestic assault and one count of first-degree aggravated domestic assault, and he was temporarily held without bail. A weight-of-the-evidence hearing was then held on April 15, 2026. At that hearing, the State admitted several written exhibits, including a certified copy of defendant's 2018 conviction for misdemeanor domestic assault and several affidavits from law-enforcement officers. The State also admitted complainant's video-recorded sworn statement and an audio recording of complainant's call for emergency assistance. Complainant did not testify. Defendant argued that the court should not rely upon complainant's out-of-court statements when determining whether he posed a substantial threat of physical violence to complainant and whether any conditions of release would mitigate the threat. Defendant also presented testimony from his father, who offered to serve as defendant's custodian. After reviewing the evidence, the criminal division made the required findings and held defendant without bail pursuant to § 7553a.

On appeal, defendant is entitled to a de novo evidentiary hearing, meaning "an independent, second evidentiary hearing on the merits of the denial of bail." 13 V.S.A. § 7556(d). For purposes of this review, the parties stipulated that this Court may consider the evidentiary record that was created in the criminal division. The State did not offer any additional evidence at the de novo evidentiary hearing. Defendant presented additional testimony from his mother, who also offered to serve as defendant's custodian. Based upon the evidentiary record, this Court now makes the following determinations.

On April 6, law enforcement officers responded to complainant's call for emergency assistance. Complainant told the responding officers that she had been in a romantic relationship with defendant for several months and that there had been an argument earlier in the day during which defendant pushed her against a closet, hit her, and threw her to the ground. Complainant experienced pain and bruising on her head, back, and leg. Defendant then told complainant that if she sought emergency assistance, he would tell police that she had tried to kill him, and he would press charges against her.

In response to police questioning, complainant further disclosed that defendant threatened to strangle her during the argument with a computer charging cable, and that, during the few months of their relationship, defendant had also previously (1) threatened to strangle her with a belt, (2) threatened to tie her up with a belt, (3) threatened to hit her with a belt, (4) threatened to

hit her with his hands, and (5) expressed suicidal ideation. Complainant also disclosed that, a few weeks earlier, defendant intentionally impeded her breathing during otherwise-consensual sexual intercourse. Complainant explained that defendant applied pressure to her neck on that occasion to an extent that was "more than [she] would like" and that defendant did not stop even when she kicked him, and that this scared her. This incident forms the basis of the charge for first-degree aggravated domestic assault.

In other words, defendant has allegedly impeded complainant's breathing, dissuaded her from seeking emergency assistance, threatened her on multiple occasions, and expressed suicidal ideation. Defendant also has a prior conviction for misdemeanor domestic assault involving a different partner. Based upon these risk factors, the Court finds that it is possible that defendant might present a substantial ongoing safety threat to complainant, and that defendant might disregard court orders meant to protect her.

Yet the evidentiary record is not clear in many respects. In particular, because complainant did not testify, the Court does not know how complainant's disclosures might be modified, contextualized, or reaffirmed by her answers to cross-examination questions. The Court also does not know what specific facts support the assertions that defendant "threatened" complainant on past occasions, nor the context in which defendant's suicidal statements were expressed. Complainant's disclosures regarding these issues were brief, generalized responses to law-enforcement questions, and were not accompanied by particularized details. The Court would be better able to assess defendant's risk if the Court knew what exactly happened during these prior incidents.

Defendant has never been convicted for violating abuse-prevention orders, conditions of release, or probation conditions, and his present conduct did not violate any court orders. Aside from the 2018 conviction for misdemeanor domestic assault, defendant has an unremarkable criminal history with only one other misdemeanor conviction from more than a decade ago. Additionally, the relationship between defendant and complainant lasted only a few months, and the parties do not have children in common or financial entanglements. Finally, although the present factual allegations are serious, the case is not marked by the extreme degree of violence and obsession that has been present in other cases in which defendants have been held without bail under § 7553a. See, e.g., State v. LaFountain, No. 24-AP-314, 2024 WL 4834926, at *2 (Vt. Nov. 19, 2024) (unpub. mem.), https://www.vtcourts.gov/sites/default/files/documents/eo24-314.bail_.pdf (describing defendant's use of firearm against complainant and threats to kill); State v. Steuerwald, 2012 VT 98, ¶¶ 13-14, 193 Vt. 663 (mem.) (finding extreme violence where officer intervention could not stop defendant from strangling complainant).

For these reasons, the Court thinks it is possible that defendant presents a substantial threat of physical violence toward complainant that cannot be reasonably prevented by conditions of release, but the Court does not find that proposition to have been established by clear and convincing evidence. See State v. Weaver, 2015 VT 35, ¶ 22, 198 Vt. 635 (mem.) (explaining that clear-and-convincing-evidence standard requires "proof that the existence of a contested fact is highly probable rather than merely more probable than not"). The Court therefore reverses the criminal division's April 15, 2026 decision and remands the matter for the criminal division to immediately release defendant upon the following conditions:

1.      You must come to court when you are told to.

2.     You must give your attorney and the court clerk your address and phone number. If those change, you must inform them immediately.

13.     You must not buy, have, or use any firearms or dangerous/deadly weapons as defined by 13 V.S.A. § 4016.

14.     You must not knowingly initiate or maintain contact with [complainant], which includes in person, in writing, by telephone, by electronic communication including through social media, texts, or email, or through a third person regardless of whether you are in jail or released. This applies even if the protected person initiates contact. You must not intentionally place yourself or knowingly remain within 500 feet of [complainant], her residence, her school, her motor vehicle, or her place of employment.

15.     You must not abuse or harass [complainant] in any way. Such conduct includes actions directed at that person that would cause a reasonable person to fear unlawful sexual conduct, unlawful restraint, bodily injury, or death including but not limited to verbal threats, written, telephonic or other electronically communicated threats, vandalism, or physical contact without consent. It also includes multiple attempts to communicate after being informed such contact is not welcome.

16.     You must not enter upon the premises of Ledgewood Heights Apartments in Brattleboro, Vermont.

In the Court's view, these restrictions will protect public safety by preventing defendant from having any contact with complainant and by preventing defendant from being in proximity to complainant, her residence, her car, and her place of employment. The prohibition upon firearms and deadly weapons is supported by defendant's prior domestic-assault conviction and by the evidence indicating that defendant has made threats in the past to harm complainant, and the prohibition upon defendant's entry upon the premises of the apartment complex is supported by testimony at the de novo hearing indicating concerns that defendant has a friend who lives either in the apartment complex or nearby. It is important that defendant not be present in the apartment complex. Finally, although both parents would be suitable custodians, the Court does not find that either a responsible-adult condition or curfew condition are among the least-restrictive conditions necessary to protect complainant. On remand, the criminal division shall release defendant upon the above-listed conditions, with complainant's name substituted where necessary.

Reversed and remanded for the criminal division to immediately release defendant upon the conditions set forth in this order.

FOR THE COURT:

_____

H. Dickson Corbett, Superior Judge,
Specially Assigned

4