STATE of Vermont v. Anthony
BARROWS

[776 A.2d 431]

No. 01-246

Present: Amestoy, C.J.

June 1, 2001. Defendant Anthony Barrows appeals from the Windsor District Court's decision denying his request to be released on conditions after he was charged with two violations of his conditions of probation. Despite the existence of a provision prohibiting defendant from contact with the victim of a crime for which he had been convicted, defendant entered the store where the victim worked, and where the crime had been committed. In addition, at approximately 4:30 a.m. the following morning, defendant was stopped by a police officer and subsequently charged with a viola-

tion of a curfew condition of his probation.

The court's decision denying release followed a hearing on defendant's motion to review denial of bail and probable cause pursuant to 13 V.S.A. § 7554(d)(1). On appeal, defendant acknowledges that as a probationer charged with violation of probation he has no right to bail or release pursuant to 28 V.S.A. § 301(4) ("There shall be no right to bail or release."). He asserts, however, that the court erred in exercising its discretion to deny his request that he be released on conditions. See V.R.Cr.P. 32.1(a)(3) (providing that a "probationer held in custody . . . *may* be released by a judicial officer pending hearing or appeal") (emphasis added).

Although defendant is correct that the court has the discretion to grant bail or release to a probationer, it is not required to do so. The issue here is not whether the court abused its discretion by failing to consider factors relevant to conditions of release, see V.R.Cr.P. 32.1(a)(3) (in determining conditions of release, the judicial officer *shall* consider the factors set forth in 13 V.S.A. § 7554(b)), but rather, whether the court abused its discretion in determining that defendant was not entitled to be released.

Any district court order so appealed shall be affirmed if it is supported by the proceedings below. 13 V.S.A. § 7556(b); see also *State v. Patch*, 145 Vt. 344, 353, 488 A.2d 755, 761 (1985) ("To support a claim of error there must be a showing that the court failed to exercise its discretion, or exercised it for reasons clearly untenable or to an extent clearly unreasonable."). Defendant directs our attention to single justice entry orders reversing and remanding bail decisions inadequately supported by the record. See, e.g., *State v. Begin*, No. 99-148, slip op. at 1 (Vt. April 8, 1999) (reversed and remanded where "no indication in the record that a hearing was held or what the factual basis was for the denial of

bail"). In the instant case, a hearing was held and a review of the proceedings below present an adequate factual basis for the district court's decision. As noted in its decision, the court reviewed all of the relevant files, and considered the testimony of defendant's sister, arguments by defendant's attorney, and the State's response. The trial court's decision was further informed by defendant's return to the store where the victim of his prior crime was present. Where the statute creates no right to bail in the first instance, it cannot be said that the court's decision was clearly untenable or unreasonable.

*Affirmed.*

Motion for reargument denied June 28, 2001.