**STATE of Vermont v. Isaac TURNBAUGH**

[811 A.2d 662]

No. 02-397

September 30, 2002. Defendant is charged with murder in the first degree in violation of 13 V.S.A. § 2301. The district court judge ordered defendant held without bail pursuant to 13 V.S.A. § 7553. Upon the filing of a timely motion for review of bail, the court held a bail review hearing to determine if the State could produce sufficient admissible evidence to support the order to hold without bail. The State submitted several affidavits from witnesses including three from defendant's acquaintances who claim to have heard defendant make incriminating statements. Defendant also submitted written affidavits from witnesses in addition to live testimony from defendant's mother and his treating physician. The court's written decision, issued September 2, 2002, continued defendant's detention without bail. Defendant appealed to this Court pursuant to the Vermont Constitution, Chapter II, § 40 and 13 V.S.A. § 7556(e).

The Vermont Constitution specifically provides that "[a] person accused of an offense punishable by death or life imprisonment may be held without bail when the evidence of guilt is great." Vt. Const. ch. II, § 40(1). This provision is implemented through 13 V.S.A. § 7553. That statutory section also provides that, if the evidence of guilt is not great, the person shall be bailable in accordance with § 7554 of Title 13, which governs release prior to trial.

The trial court decided the bail review in this case by relying on the standard set forth in *State v. Duff,* 151 Vt. 433, 563 A.2d 258 (1989). In *Duff,* we adopted the standard set forth in V.R.Cr.P. 12(d) as the correct standard of review under Chapter II, § 40 of the Vermont Constitution and under 13 V.S.A. § 7553. See generally *id.* Under that standard—used to judge a motion to dismiss for lack of a prima facie case—the prosecution must establish by affidavits, depositions, sworn oral testimony or other admissible evidence "that it has substantial, admissible evidence as to the elements of the offense . . . sufficient to prevent the grant of a motion for judgment of acquittal at the trial." V.R.Cr.P. 12(d)(2). A motion for acquittal must be granted if "the evidence is insufficient to sustain a conviction." V.R.Cr.P. 29(a). Thus, the standard controlling a motion to dismiss for lack of a prima facie case is "whether the evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt." *Duff,* 151 Vt. at 439, 563 A.2d at 263 (internal quotations omitted). In applying the *Duff* standard, the trial court excluded affidavits submitted by defendant, holding that they represented conflicting or modifying evidence and, as such, the law required they not be considered.

Defendant contends that the court erred in applying the *Duff* standard because its application improperly excludes

valid evidence that is otherwise authorized under V.R.Cr.P. 12 and the more recent case of *State v. Fanger*, 164 Vt. 48, 665 A.2d 36 (1995).* Defendant asserts that *Fanger* requires that the court review all relevant evidence, including that submitted by defendant, when determining whether to continue to hold defendant without bail. Had the information submitted by him been considered, defendant submits that the trial court would *not* have found the State's evidence to be great, a prerequisite finding that the court must make before holding defendant without bail under § 7553, and would likely have set conditions of release.

In *Fanger*, the defendant was charged with unlawful trespass into an apartment he managed. He moved for dismissal of the information on the ground that the prosecution would be unable to make out a prima facie case against him pursuant to V.R.Cr.P. 12(d). At issue in *Fanger* was whether the State could show that the defendant knew he was not privileged to enter the apartment, an essential element of the crime charged. In support of his motion to dismiss, the defendant offered his own affidavit describing his version of what occurred when he entered the apartment. Based on the explanation offered in the defendant's affidavit that he entered to turn on the heat in other apartments and that he believed the tenancy had ended, the trial court

___

* In deciding whether the State had substantial evidence of guilt, the trial court below specifically did not consider evidence submitted by the State that was subject to challenges by defendant on admissibility grounds, as was the situation presented in *State v. Passino*, 154 Vt. 377, 577 A.2d 281 (1990). Thus, defendant does not challenge the bail review decision on the ground that the court improperly considered evidence susceptible to suppression.

ruled that the State failed to show that defendant knew he was not privileged to enter the apartment and dismissed the information. The State appealed.

On appeal, this Court held that, while "[n]ormally, a prima-facie-case ruling is made solely on evidence offered by the State," the trial court should consider evidence provided by the defendant when assessing whether the State had admissible evidence on each element of the charged offense. *Fanger*, 164 Vt. at 52, 665 A.2d 37-38. The Court noted that V.R.Cr.P. 12(d)(2) permits the defendant to introduce affidavits or further evidence on his or her behalf. *Id.* at 52, 655 A.2d at 38. Therefore, we concluded that, "[i]n view of this authorization, we believe the trial court must make its ruling based on *all* the evidence before it, whether produced by the State or the defendant." *Id.* (emphasis added). We also concluded that a comparison of the defendant's explanation of his intent, considered in light of evidence from other witnesses that clearly disputed the defendant's claimed purpose for entry, gave rise to an inference that the defendant knew he did not have a license or privilege to enter. *Id.* at 53, 665 A.2d at 38. Therefore, we held, the case should not have been dismissed.

In the present case, defendant introduced at the bail review hearing below affidavits disputing evidence offered by the State of alleged incriminating statements by defendant, including ones suggesting that defendant's statements were made at a time when defendant and those witnesses who heard his statements were under the influence of hallucinogenic mushrooms. As noted above, in denying defendant bail, the trial court cited its inability to consider this modifying evidence because of the standard enunciated in *Duff*.

Reconciling the holdings of *Duff* and *Fanger* is not difficult. First, it is important to recognize that the issue presented in *Fanger* arose from a motion to dismiss,

534

alleging the inability of the State to establish a prima facie case, and not a bail review assessing whether evidence of guilt is great. *Fanger*, 164 Vt. at 51, 655 A.2d at 37. Thus, in *Fanger*, we held that evidence offered by the defendant may be used to supply evidence on an element of the offense charged. *Id.* at 52, 655 A.2d at 38. *Fanger* did not suggest that the trial court utilize the modifying evidence to make a credibility determination between whose version of the events was the more believable.

*Fanger* should not be interpreted to require a court, presented with a 12(d) motion, to do more than determine if the State has admissible evidence on each element of the crime charged. Likewise, in reviewing a denial of bail pursuant to 13 V.S.A. § 7553, application of the standard adopted in *Duff* requires a reviewing court to decide if the State has substantial, admissible evidence legally sufficient to sustain a verdict of guilty. *Duff*, 151 Vt. at 439, 563 A.2d at 263. As acknowledged by defendant's counsel at oral argument, under defendant's interpretation of *Fanger*, the trial court would be called upon to make credibility determinations based on conflicting evidence submitted at the bail review hearing. This approach would treat a bail hearing as if it were an adjudication of the merits of the case, which it is not.

Preliminarily, we note that, because the modifying or conflicting evidence submitted in this case was offered through affidavits, a credibility determination between affiants would be difficult, if not impossible. More importantly, it is not the role of the court in a bail review hearing to judge the State's case. In a bail hearing, guilt or innocence of the accused is not the issue, and there should be no evaluation of the evidence with that result in mind. Direct conflicts between inculpatory or exculpatory facts cannot be resolved at this stage. Such matters must await jury determination at trial. Rather, the court need only determine if the State's evidence is sufficient to sustain a verdict of guilty, not whether the jury will indeed be persuaded to render same.

. In *Duff*, we adopted the standard applied by a majority of the states in pretrial bail hearings:

> the narrow and focal issue must be kept in mind by the trial court and the hearing tailored to that issue, *i.e.*, whether the facts adduced by the State, notwithstanding contradiction of them by defense proof, warrant the conclusion that if believed by a jury they furnish a reasonable basis for a [guilty] verdict. . . .

151 Vt. at 438-39 n.8, 563 A.2d at 263 n.8 (quoting *State v. Obstein*, 247 A.2d 5, 9 (N.J. 1968), *overruled on other grounds by State v. Williams*, 459 A.2d 641 (N.J. 1983)).

Having determined that the court utilized the proper standard in a proper manner, we now turn to the question of whether the decision is supported by the trial court proceedings. See *State v. Passino*, 154 Vt. 377, 378, 577 A.2d 281, 282 (1990) (question before the Court in bail appeals is whether decision of trial court is supported by trial court proceedings). In this opinion, we will refrain from characterizing the evidence against the accused, in order to avoid influencing the trial in any manner by rendition of the obviously incomplete but necessarily incriminating evidence. We merely decide whether the State has presented substantial, admissible evidence of guilt, absent conflicting or modifying evidence. We have carefully reviewed the trial court's decision and the district court file and conclude that the evidence offered by the State supports the court's ruling.

Defendant also argues that the trial court failed to properly consider alternative measures to holding without bail that would reasonably ensure the appearance

by defendant. Even though defendant is not entitled to bail in this case pursuant to 13 V.S.A. § 7553, the trial court does have discretion to allow bail. *Duff*, 151 Vt. at 441, 563 A.2d at 264; see also *In re Dexter*, 93 Vt. 304, 315, 107 A. 134, 138 (1919) (trial court had the "sound, judicial discretion" to release a defendant on bail even though the defendant fell within the constitutional exception to the right to bail). The trial court considered the factors set forth in 13 V.S.A. § 7554, including defendant's family ties, employment, financial resources, character and mental condition, record of convictions and record of appearances in court. Although it considered defendant's request to be committed to the custody of his parents with a 24-hour curfew, the court declined to release defendant on conditions, based on evidence of defendant's inability to appropriately deal with issues surrounding his mental health and illegal drug use. We find no abuse of the court's discretion.

*Affirmed.*

