2015 VT 19

**STATE of Vermont v. Robert J. BERARD**

[___ A.3d ___]

No. 06-156

¶ 1. April 18, 2006. Defendant appeals the district court's decision to hold him without bail pursuant to 13 V.S.A. § 7553. Defendant argues that the court erred by: (1) holding defendant without bail despite

insufficient evidence of guilt; and (2) refusing to consider evidence of alternatives to holding defendant without bail. We affirm.

¶ 2. Defendant is charged with burglary and kidnapping. "Kidnapping is punishable by a maximum sentence of life imprisonment or a fine of not more than $50,000.00, or both." 13 V.S.A. § 2405(b). The Vermont Constitution and 13 V.S.A. § 7553 provide that a person may be held without bail when charged with an offense that is punishable by life imprisonment if "the evidence of guilt is great." Vt. Const. ch. II, § 40(1); 13 V.S.A. § 7553. Section 7553 requires the district court to consider only "whether the evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt." *State v. Duff*, 151 Vt. 433, 439, 563 A.2d 258, 263 (1989). The district court, after an evidentiary hearing, found that the evidence against defendant on the charge of kidnapping was great and held defendant without bail. We review this determination "to decide if the State has substantial, admissible evidence legally sufficient to sustain a verdict of guilty." *State v. Turnbaugh*, 174 Vt. 532, 534, 811 A.2d 662, 665 (2002) (mem.).

¶ 3. Defendant first argues that the evidence presented to the district court was insufficient to support holding him without bail. The State alleges that on March 19, 2006, defendant, along with two co-defendants who are not parties to this appeal, entered the home of Richard Lavalette, in Colchester, Vermont, where they tied up Mr. Lavalette and threatened him with a knife while they burglarized his home. At the bail hearing, the court received several affidavits and heard eyewitness testimony from Kayla Couture, who allegedly drove the three co-defendants to Mr. Lavalette's home on the night in question. Ms. Couture's identification of defendant was the only evidence directly linking defendant to the kidnapping. Defendant argues that because Ms. Couture was an accomplice to the crime, her testimony alone is insufficient to meet the statutory and constitutional standard that the evidence of guilt must be great. We disagree and hold that Ms. Couture's identification of defendant was "substantial, admissible evidence legally sufficient to sustain a verdict of guilty." *Id.*

¶ 4. Defendant bases his argument on the evidentiary standard for probable cause to support a warrant. He argues that the standard the State must meet to support holding a defendant without bail under § 7553 must be higher than the probable cause standard. Our probable cause standard relies on a two-pronged test established in two United States Supreme Court decisions, *Aguilar v. Texas*, 378 U.S. 108 (1964), and *Spinelli v. United States*, 393 U.S. 410 (1969). See *State v. Goldberg*, 2005 VT 41, ¶ 9, 178 Vt. 96, 872 A.2d 378 (stating that although it has since been abandoned by the federal courts, we continue to use this test because it "strikes an appropriate balance" between individual rights and the State's interest in crime prevention). "The first prong requires an analysis of the informant's basis of knowledge, while the second examines his or her veracity." *Id.* Defendant argues that according to the second prong of the test, Ms. Couture's testimony was inherently unreliable because of her own involvement in the crime, and because she initially denied having driven the three co-defendants to Mr. Lavalette's house before admitting her involvement. We hold that Ms. Couture's testimony was nonetheless reliable because her statement to the police was against her penal interest. See *id.* ¶ 11 ("[P]articular information is generally deemed inherently reliable if the informant·acted against penal interest."). Despite the fact that Ms. Couture has not been charged, it was against her interest to admit driving the co-defendants to the

house. The court was entitled to consider Ms. Couture's testimony as evidence of defendant's guilt, and this evidence was sufficient to meet the evidentiary standard of § 7553.

¶ 5. Defendant next contends that despite the determination that evidence of defendant's guilt was great, the court was required to consider whether there were "alternative measures to holding without bail that would reasonably ensure the appearance by defendant." *Turnbaugh*, 174 Vt. at 534-35, 811 A.2d at 666. While defendant is correct that the court did not consider alternative measures, defendant did not request such consideration. Such a request must be made to the district court in the first instance. This question is thus not properly before us, and we will not consider it.

*Affirmed.*