# ENTRY ORDER

## SUPREME COURT DOCKET NO. 2013-363

## SEPTEMBER TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Essex Unit, |
| | } | Criminal Division |
| Jonathan Houle | } | |
| | } | DOCKET NO. 120-7-10 Excr |
| | } | |
| | | Trial Judge: Robert Bent |

In the above-entitled cause, the Clerk will enter:

Probationer appeals the order of the Superior Court, Essex Unit, Criminal Division, requiring that he be held without bail. We affirm.

On June 17, 2013, probationer, Jonathan Houle, pled no contest to lewd or lascivious conduct with a child, in violation of 13 V.S.A. § 2602. The plea agreement called for a sentence of two-to-fifteen years, suspended with probation. The probation conditions required, among other things, that he participate in a sex-offender-treatment program and that, in connection with that treatment, he acknowledge responsibility for the acts for which he was convicted. The criminal division accepted the plea and sentenced probationer consistent therewith.

Subsequently, the State filed a probation violation complaint, alleging that in connection with the required sex-offender-treatment program, probationer denied his offense and stated that he was appealing his conviction. Probationer was arraigned on August 22, 2013 on the violation-of-probation charge (VOP). At that time, the court ordered that he be held without bail pending his probation revocation hearing. At probationer's request, the court held a bail review hearing on September 10, 2013.[*] After the bail review hearing the court ordered that probationer remain held without bail. Probationer filed an appeal of the order denying bail with this Court on September 17, 2013. In the meantime, probationer has filed a motion to dismiss the VOP complaint and has separately filed a petition in the civil division for post-conviction relief (PCR), neither of which is before this Court on this bail appeal.

---

[*] The court originally scheduled the bail review hearing for September 12, but on September 6, in connection with probationer's appeal of the Civil Division's denial of his motion for extraordinary relief, this Court directed that a hearing be scheduled promptly on the ground that Vermont Rule of Criminal Procedure 32.1 requires compliance with the five-day bail review timeline of 13 V.S.A. § 7554(d).

In the present appeal, probationer argues that the trial court failed to properly weigh the statutory factors in its bail review. In particular, probationer argues that the trial court did not give adequate weight to his challenge to the legality of the underlying sentence on which the VOP charge is based. He contends that because 28 V.S.A. § 204a requires a presentence investigation (PSI) for individuals convicted of certain sex offenses, including the one for which probationer was convicted, and because the court did not order a PSI in this case, the underlying sentence upon which the VOP is based is unlawful. In the context of the bail review hearing in the VOP case, probationer argues, the trial court should have taken into account the sentencing court's failure to order a PSI in connection with the underlying sentence. Probationer argues that the trial court did not give this factor due consideration, and thus urges this Court to find the trial court's decision unsupported by the record below.

The State argues that the trial court did not abuse its discretion, but instead properly weighed the strength of the evidence in the VOP case against probationer. The State further argues that a PSI can be and was properly waived in this instance, and that probationer seeks to "sandbag" the trial court by seeking to overturn the underlying sentence on that ground.

A convicted offender charged with violating the terms of probation has no right to bail or release pending a hearing. 28 V.S.A. § 301(4); State v. Barrows, 172 Vt. 596 (2001) (mem.). However, the court may release the probationer pending hearing. 28 V.S.A. § 301(4); V.R.Cr.P. 32.1(a)(3). In making the discretionary assessment regarding whether to release a probationer pending the VOP hearing, a court is required to consider the factors listed in 13 V.S.A. § 7554(b). See 28 V.S.A. § 301(4); V.R.Cr.P. 32.1(a)(3). In particular, the trial court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against accused; (3) the accused's family ties, employment, financial resources, character and mental condition; (4) the length of residence in the community; (5) record of convictions; (6) record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings; and (7) recent history of actual violence or threats of violence bearing on the accused's character and mental condition. 13 V.S.A. § 7554(b).

Although "the court has the discretion to grant bail or release to a probationer, it is not required to do so." Barrows, 172 Vt. at 596. On appeal, this Court must affirm the trial court's decision if it is supported by the proceedings below. 13 V.S.A. § 7556(b). We employ an abuse-of-discretion standard, and will affirm unless probationer shows that "the trial court failed to exercise its discretion, or exercised it for reasons clearly untenable or to an extent clearly unreasonable." Barrows, 172 Vt. at 596.

Although the applicable statutes and rules reference § 7554 as providing the framework for considering requests for bail by probationers facing VOP charges, these provisions fit imperfectly with the unique circumstances of a probationer. For one thing, these provisions typically govern the conditions of release applicable in a given case, rather than the threshold question of whether to release an individual on bail or conditions. Moreover, they typically apply to an individual awaiting trial who is presumed innocent. A probationer, on the other hand, has already been convicted of an underlying crime and thus does not enjoy the same presumption. The bail decision with respect to a convicted offender involves not only an assessment of the offender's risk of flight, but also implicates correctional concerns. For a

persuasive, albeit non-precedential discussion of these considerations, see State v. Hazlett, No. 2002-144, 2002 WL 34423558, at *1 (Vt. Apr. 15, 2002) (single-Justice unpub. mem.) (noting the "distinctly different postures" of a defendant in a traditional criminal case and a probationer in a VOP case). Therefore, while the statutory factors that a trial court must apply may be the same in both contexts, the starting point of the analysis—release as a starting point versus no right to release—as well as the evidence to be considered and the weight accorded to each factor may differ.

In this case, the trial court considered the relevant factors in § 7554(b) and concluded that probationer should not be released. With respect to probationer's family and community ties, the court noted probationer's extensive family and community ties, gainful employment, and long-standing residence in his community. The court further noted that while family and community ties offer probationer support, they may also undermine his rehabilitation and compliance with the conditions of his probation, given the stigma of the underlying offense. In particular, the court noted that the ties "can make the necessary steps toward admission, rehabilitation, and or risk management more difficult."

The court found that probationer had complied since 2010 with the restrictions of his release but noted that his strong reaction to the bail review decision reminded the court that "anxiety about a return to jail could well precipitate a decision to flee."

With respect to threats of violence, the court concluded that probationer poses a risk to the safety of children. The court explained: "Without the protective mantle provided by the presumption of innocence, what the court has before it is a convicted sex offender who is not cooperating with an agreed upon disposition." The court also noted that "[c]rimes such as he is convicted of are done surreptitiously and are often concealed."

And the court afforded great weight to the fact that probationer pled no contest and has been convicted of a serious crime; as the court explained, "[b]y entering a plea of no contest [probationer] crossed the Rubicon between the world of the innocent and the world of the guilty."

The court concluded that in light of the adjudication of probationer's guilt, the seriousness of the underlying offense, and the court's perception that probationer posed a flight risk, release was inappropriate. The court's findings on these various points are supported by the record, and its conclusion in light of these findings was not an abuse of discretion.

Although probationer challenges these aspects of the trial court's decision, his appeal focuses primarily on his contention that, as a matter of law, the absence of a presentence investigation renders his underlying sentence unlawful, and the VOP based on a violation of that sentence invalid. This argument is squarely presented in probationer's motion to dismiss below, and the PCR petition he has filed in the civil division. In the context of this bail review hearing, by contrast, this argument relates to one of a host of factors in the mix, and its bearing on that factor is itself diluted. This Court's review of petitioner's argument in this context is accordingly necessarily oblique. In this context, probationer must do more than show that he has the better legal argument on this point; he has to show that the trial court abused or withheld its discretion

in the weight it afforded this particular argument relative to the others in the mix. Given the procedural posture of this appeal and the applicable standard of review, the fact that the legal argument presented by probationer is one that this Court has not previously addressed, and the fact that neither his motion to dismiss nor his PCR petition has run its course in the trial court, this Court would be reluctant, especially in the context of a single-justice review, to jettison the trial court's thoughtful weighing of various factors based on sufficient evidence in the record on the ground that an untested legal argument renders those other factors irrelevant.

To be sure, one factor in the bail-review analysis is "the weight of the evidence against the accused," and another is "the nature and circumstances of the offense charged." 13 V.S.A. § 7554(b). In the ordinary application of § 7554(b), the meaning of these factors is more clear. In this particular VOP context, an analysis of "the weight of the evidence against the accused" could play out on any or all of several levels: (1) the sufficiency of the evidence supporting the underlying charge for lewd or lascivious conduct under 13 V.S.A. § 2602, (2) the sufficiency of the evidence for the alleged violation of probation, or (3) the question of law raised by probationer regarding whether the lack of a presentence investigation renders the underlying sentence unlawful.

The trial court considered all of these layers. With respect to the first, it emphasized that probationer had pled no contest to the underlying charge, and had been convicted. Although he challenges his sentence, he has not made any arguments that would necessarily defeat his underlying conviction. And, as the court noted, the State's case on the underlying charges was apparently sufficiently strong to induce probationer to plead no contest rather than risk trial. With respect to the second, the trial court noted that defendant was not cooperating with an agreed-upon disposition—a fact that probationer does not challenge here. The evidence that probationer violated the terms of his probation as set forth in the probation agreement is uncontested.

At the third level, the trial court did consider probationer's challenge to the underlying sentence. In fact, the court gave probationer's argument some credence, concluding that the absence of a PSI "tends to undermine the strength of the State's probation violation case." It declined to resolve the question because the briefing before it on the motion to dismiss squarely raising the issue was incomplete. The court acknowledged that probationer raised serious arguments, declined to issue a definitive ruling on the arguments in the bail review setting, and balanced its analysis of probationer's collateral attack on the underlying sentence with the evidence of guilt of the underlying crime, the evidence of guilt of the VOP, and the other findings relating to the statutory factors guiding the trial court's discretion in the bail review.

This Court similarly confines its review to the trial court's weighing of the statutory factors and defers resolution of the question of law regarding the PSI to the trial court in the first instance. The court provided ample discussion of the facts bearing on whether bail is appropriate, weighing probationer's risk of flight as discerned based on family ties, length of residence in the community, employment, demeanor in court, and the fact that he has been convicted; the risk of violence and danger to the community posed by a convicted, untreated sex offender who is not cooperating with an agreed-upon disposition; the strength of the State's case

4

with respect to whether probationer violated probation; and the nature of the underlying crime as well as the violation. The trial court's decision is supported by the proceedings below.

The Court acknowledges that if probationer is right on the law—that is, if the absence of a PSI renders his underlying sentence, including the probation terms, unlawful, and if, as a consequence, the VOP charge has no basis, that factor would overwhelm the other factors guiding the trial court's discretion concerning probationer's request for bail pending a VOP hearing. From that perspective, this Court's unwillingness at this juncture to immediately and directly engage the question of whether the underlying sentence is lawful might seem unduly harsh. We nonetheless decline to address the merits of probationer's legal challenge to his sentence at this time for the following reason. Even if this Court jumped ahead of the trial court's ruling on the motion to dismiss and the civil division's ruling on the PCR, and even if we accepted probationer's position on the law, the consequence would not likely be an order requiring that probationer be released on bail and/or conditions.

In the face of a ruling voiding probationer's underlying sentence, and the VOP based on that sentence, probationer would be a convicted sex offender awaiting sentencing. The trial court would be required to conduct virtually the same analysis it has just conducted. See 13 V.S.A. § 7574 (requiring court to review conditions of release following adjudication of guilt pending sentencing or appeal, allowing court to terminate release or alter conditions and terms, and instructing court to consider factors in § 7554(b) as well as fact of conviction and defendant's demeanor during trial). Although the alleged VOP charge would no longer be in the mix, all of the other factors relied upon by the trial court here would be present: the mixed effect of his community ties, the risk of flight found by the trial court, the adjudication of guilt of a very serious sex offense against a child accompanied by a refusal to acknowledge the conduct and begin appropriate treatment, and the risk to children and the community. Moreover, this Court is mindful of the civil division's commitment to expedited proceedings in the PCR. For these reasons, the urgency of addressing probationer's collateral challenge to his sentence at the earliest possible moment, without allowing development and resolution of the competing arguments by the trial court in the first instance, is greatly diminished.

Affirmed.

FOR THE COURT:

_____
Beth Robinson, Associate Justice