2014 VT 132

**STATE of Vermont v. Harley L. BREER, Jr.**

[112 A.3d 1273]

No. 14-392

¶ 1. December 8, 2014. Defendant Harley L. Breer faces several misdemeanor and felony charges in five separate dockets. Defendant moved to review a hold-without-bail order. The trial court denied the request, continuing to hold defendant without bail pending trial. Defendant appealed to this Court. We affirm.

¶ 2. Defendant was previously convicted in 2003 for three different felonies: kidnapping, 13 V.S.A. § 2405; burglary, *id.* § 1201; and first-degree unlawful restraint, *id.* § 2407(a)(1). This bail appeal primarily concerns charges from 2011 and 2012 that include: two counts of second-degree aggravated domestic assault, *id.* § 1044(a)(2)(A); one count of second-degree unlawful restraint, *id.* § 2406(a)(3); and two counts of sexual assault, *id.* § 3252(a)(1). Also relevant to this case are two counts of probation violations that were brought in 2010. 28 V.S.A. § 301(4).

¶ 3. Defendant was held without bail pending trial because he is charged with several offenses punishable by life imprisonment, 13 V.S.A. § 7553, and also because he has been charged with violations of probation, 28 V.S.A. § 301(4). Defendant moved for release and to set bail, arguing that the evidence of guilt was not great. A hearing was held over three days during the summer of 2014. Defendant represented himself during those hearings, with the assistance of standby counsel. In a written order, the court denied defendant's motion, concluding that the evidence of guilt was great and continued to hold defendant without bail. Defendant, acting pro se, then filed a notice of appeal to this Court.[*]

¶ 4. After defendant initiated this bail appeal, he sought appointment of counsel, the scope of whose representation of defendant would be limited to this proceeding only. The trial court granted the motion and appointed counsel. Transcripts were ordered for the bail appeal, and a hearing was set. The hearing was continued on two occasions to accommodate scheduling conflicts and delays in obtaining the transcript. On the morning of the hearing, defense counsel moved to withdraw based on defendant's expression of renewed intent to represent himself in the bail appeal. Neither the state's attorney nor the defendant, who were both present by telephone at the hearing, objected to the motion. The motion was granted, and defendant proceeded to argue on his own behalf.

¶ 5. At the hearing, defendant immediately moved for a continuance, claiming that he was "out of the loop" because he was unaware of steps that were being taken in the proceeding, and was insufficiently prepared. The motion to continue was tabled at the hearing for consider-

---

[*] Unfortunately, the notice of appeal was delayed in reaching this Court. Defendant filed his notice of appeal in the trial court on September 9, 2014, but it was not immediately transmitted to this Court. Apparently there was some confusion because defendant filed a request for an interlocutory appeal from the trial court's denial of a motion to dismiss charges around the same time. Defendant's bail appeal first came to the attention of this Court in early October 2014 when it was sent by defendant's standby counsel along with filings relevant to the interlocutory appeal.

ation and is now denied. Defendant has not demonstrated that he had an insufficient period of time to prepare or how he was prejudiced by proceeding. The hearing date for the bail appeal was delayed and rescheduled several times, and nearly three months elapsed between the initial filing and the actual hearing. Even allowing for the logistical challenges that attend conducting one's own defense from jail, three months is ample time to prepare for a bail appeal hearing. Indeed, appearing by telephone at the hearing, defendant articulated his argument with a fluency that suggested he was adequately prepared and quite capable of representing himself on the date of the hearing.

¶ 6. Next, we turn to the merits of the bail appeal. Pursuant to the Vermont Constitution and statute, a defendant is not entitled to bail as a matter of right if he is exposed to a maximum penalty of life imprisonment and the evidence of guilt is great. Vt. Const. ch. II, § 40(1); 13 V.S.A. § 7553. Pursuant to the Vermont Habitual Offenders Act, 13 V.S.A. § 11, defendant's charges for subsequent felonies expose him to an enhanced possible maximum penalty of life imprisonment. Accordingly, defendant's aggravated domestic assault and unlawful restraint charges carry "Enhanced Penalty Habitual Offender" provisions. Even without the prior convictions, the charges for sexual assault carry with them a maximum penalty of life imprisonment. *Id.* § 3271(b). Moreover, "[t]here shall be no right to bail or release" where a defendant has been charged with a violation of probation, as defendant is here. 28 V.S.A. § 301(4). Thus, defendant may be held without bail pursuant to statute if the evidence of guilt is great.

¶ 7. Defendant's main argument relates to the proper standard for determining whether a "person accused of an offense punishable by . . . life imprisonment may be held without bail when the evidence of guilt is great." Vt. Const. ch. II, § 40(1). This provision is implemented by statute in 13 V.S.A. § 7553, and this Court has construed the provision as requiring the trial judge to determine "whether the facts adduced by the State, notwithstanding contradiction of them by defense proof, warrant the conclusion that if believed by a jury they furnish a reasonable basis for a guilty verdict." *State v. Turnbaugh*, 174 Vt. 532, 534, 811 A.2d 662, 665 (2002) (mem.) (quotation and alteration omitted). Put another way, in *State v. Blackmer*, we held that a presumption arises in favor of incarceration if substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt. 160 Vt. 451, 454, 458, 631 A.2d 1134, 1136, 1139 (1993). The trial court must then exercise its discretion in determining whether or not to impose bail and conditions of release. *Id.* at 458, 631 A.2d at 1139. The trial court's discretion is extremely broad, but its decision cannot be arbitrary. *Id.*

¶ 8. Defendant asserts that this standard is incorrect and urges us to overrule *Turnbaugh*. We decline to do so. This standard properly puts the onus on the State to produce evidence sufficient to sustain a verdict of guilty, but prevents the trial court from essentially litigating defendant's guilt prior to trial. As we have previously explained, "it is not the role of the court in a bail review hearing to judge the State's case." *Turnbaugh*, 174 Vt. at 534, 811 A.2d at 665.

¶ 9. Here, the trial court properly recognized that a presumption in favor of incarceration applies in this case. The trial court reviewed evidence in the form of affidavits, court documents, and audio recordings; it also heard testimony. The trial court then made specific findings under the proper standard for reviewing the evidence, which we announced in *State v. Duff*: "the evidence, taken in the

light most favorable to the State and excluding modifying evidence, can fairly and reasonably show [the] defendant guilty beyond a reasonable doubt." 151 Vt. 433, 439, 563 A.2d 258, 263 (1989) (quotation omitted). In other words, "[if] ... the trial court ... intends to deny bail pursuant to 13 V.S.A. § 7553, the State must show that facts exist that are legally sufficient to sustain a verdict of guilty. The trial court must make a specific finding that this burden has been met." *Id.* at 440, 563 A.2d at 263. We are satisfied that the evidence sufficiently supports such findings, and that those findings lead to the conclusion that the presumption in favor of incarceration exists in this case.

¶ 10. Defendant also asserts that there were less restrictive options available and therefore the court abused its discretion in denying bail. Even when a defendant may be held without bail, the trial court retains discretion to grant bail, and its discretion is extremely broad in making this determination. *Blackmer*, 160 Vt. at 458, 631 A.2d at 1139. Under 13 V.S.A. § 7554(b), there are several factors for the court to consider in deciding whether to grant bail and under what conditions. Here, the trial court expressly contemplated those factors. We therefore conclude that the trial court did not arbitrarily exercise or withhold its discretion in refusing to grant bail under § 7553.

¶ 11. Defendant's appeal also implicates the section of the trial court's written decision pertaining to the charges for violating probation. Because defendant is charged with a violation of probation, there is "no right to bail or release." 28 V.S.A. § 301(4). "Where the statute creates no right to bail in the first instance, it cannot be said that the court's decision was clearly untenable or unreasonable." *State v. Barrows*, 172 Vt. 596, 597, 776 A.2d 431, 432 (2001) (mem.). In relation to the violation-of-probation charges, the trial court concluded both that defendant is a flight risk and that public safety

requires his detention. These conclusions were supported by the findings. We therefore conclude that even if the trial court had granted bail in relation to the charges carrying a penalty of life imprisonment — which it properly refused to do — defendant is properly being held without bail under 28 V.S.A. § 301(4).

¶ 12. While we acknowledge the difficulty defendant has placed upon himself by choosing to litigate pro se while incarcerated, we emphatically reject any suggestion that his decision to represent himself entitles him to bail or conditional release. The decision to deny defendant bail in this case does not violate the due process requirements discussed in *Blackmer*. 160 Vt. at 459-63, 631 A.2d at 1140-41 (citing *United States v. Salerno*, 481 U.S. 739, 747 (1987)). If self-representation alone entitled a criminal defendant to bail, the State could never pursue its "legitimate and compelling" interests in public safety and assuring a defendant's appearance at trial, *id.* at 460, 631 A.2d at 1140; any criminal defendant would need only to reject appointed counsel to avoid pretrial detention.

¶ 13. Finally, turning to defendant's other arguments concerning violations of the "Accommodations" entry order issued by the superior court on August 1, 2012, we note that the trial court addressed these arguments in an entry order issued on October 10, 2014. Defendant's argument in this bail appeal is that the October decision shows that the State has been improperly listening to his telephone calls from prison, including calls related to the preparation of his defense to the underlying charges, and that the only way he can conduct his pro se defense without illegal invasion of his privilege in his trial preparation activities is to be released on bail. The trial court addressed the issues related to the State's access to defendant's telephone calls in the October order, and if defendant is dissatisfied with the trial court's resolu-

tion of these issues he can raise them on appeal if he is convicted. The State's activities with respect to defendant's telephone calls are not a ground for defendant to obtain pretrial release.

*The motion for a continuance is denied. The superior court's August 28, 2014 entry order ordering defendant held without bail is affirmed. Proceedings below in the underlying matter shall proceed to trial without unnecessary delay.*