# ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-346

SEPTEMBER TERM, 2015

| | |
|---|---|
| State of Vermont | APPEALED FROM: |
| v. | Superior Court, BenningtonUnit, Criminal Division |
| Zachary Ware | DOCKET NO. 267-3-14 Bncr |
| | Trial Judges: Cortland T. Corsones<br>David A. Howard |

In the above-entitled cause, the Clerk will enter:

¶ 1.    Defendant Zachary Ware appeals the trial court's decision to hold him without bail pending a merits hearing on his alleged probation violation.  We affirm.

¶ 2.    The State charged defendant with violating the terms of his probation for making alleged threats to kill his probation officer.  At the preliminary hearing, the State requested that defendant be held without bail.  The court granted the State's request and ordered defendant held without bail pending the merits hearing, a decision the court affirmed at a bail review hearing on August 12, 2015.  The merits hearing began on September 9, 2015, but was continued until October 15, 2015.  Defendant filed this appeal, arguing that the trial court's decision to hold defendant without bail pending resolution of the merits hearing constituted an abuse of discretion.

¶ 3.    A defendant charged with violating conditions of probation has no constitutional or statutory right to bail or release if the defendant is on probation for a listed crime as defined in 13 V.S.A. § 5301(7).  This includes domestic assault, the offense underlying defendant's probation.  13 V.S.A. § 5301(7)(c).  It is within the trial court's discretion, therefore, whether to grant bail or release.  Rule 32.1(a)(3)(A) of the Vermont Rules of Criminal Procedure provides that, in the context of a probation revocation proceeding, the trial court shall consider the factors set forth in 13 V.S.A. § § 7554(b).  Under § 7554(b), the court

> shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of residence in the community, record of convictions, and record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

The court may also consider "[r]ecent history of actual violence or threats of violence . . . as bearing on the character and mental condition of the accused." 13 V.S.A. § 7554(b).

¶ 4.    Although the trial court's discretion is broad, pursuant to Rule 32.1(a)(3)(A), an order denying bail or changing the terms of release is reviewable in the manner provided in 13 V.S.A. § 7554. Thus, we will affirm the court's decision to deny bail if it is supported by the proceedings below, based on the factors in § 7554(b). State v. Barrows, 172 Vt. 596 (2001) (mem.); see 13 V.S.A. § 7556(b) ("Any order so appealed shall be affirmed if it is supported by the proceedings below.").

¶ 5.    Rather than addressing the factors laid out in § 7554(b), defendant argues that his conduct was insufficient to constitute a violation of the underlying conditions of probation. He bases this argument on case law holding that two of those conditions, N and K, provide insufficient notice of what actions would constitute a violation. See State v. Johnstone, 2013 VT 57, ¶¶ 17-18 194 Vt. 230 (finding "violent or threatening behavior" language in condition of release did not provide sufficient notice of what actions would constitute violation); State v. Putnam, 2015 VT 113, ¶ 64, ___ Vt. ___ (finding condition K constitutes impermissible delegation of authority to probation officer). Defendant also argues that the trial court improperly relied on confidential communications between defendant and his therapist in finding that his conduct violated those conditions.

¶ 6.    Defendant's first arguments erroneously focus on whether the conduct alleged will ultimately be sufficient to support a merits determination. Whether those conditions of probation are sufficiently precise to put defendant on notice of what constitutes a violation thereof is not before the trial court at a preliminary hearing; rather, the trial court must consider defendant's conduct under the factors in § 7554(b). This Court's review is therefore limited to whether the trial court's findings relative to § 7554(b) are supported by the proceedings below.

¶ 7.    The transcript clearly demonstrates that the trial court properly based its decision on the factors in § 7554(b), considering the seriousness of the underlying charge of domestic assault and its relation to the alleged offense of threatening to kill his probation officer, defendant's significant mental health issues and his agitated state, which required admission to the Brattleboro Retreat, defendant's failure to show up for scheduled visits with his probation officer, and the fact that this is defendant's second charged violation of probation.

¶ 8.    As to defendant's second argument, "[i]nformation stated in, or offered in connection with, any order entered pursuant to [§ 7554] need not conform to the rules pertaining to the admissibility of evidence in a court of law." 13 V.S.A. § 7554(g). Further, the relationship between a clinical therapist and his or her patient "is sufficient to create a duty to exercise reasonable care to protect a potential victim of another's conduct." Peck v. Counseling Servs. of Addison Cty., 146 Vt. 61, 65 (citing Tarasoff v. Regents of the Univ. of California, 17 Cal. 3d 425, 435 (1976)). The therapist felt it necessary to provide notice of the comments made by defendant. Upon doing so, the probation officer was not required to ignore the notification. The trial court therefore permissibly relied on the information about defendant's threat to his probation officer in considering the factors in § 7554(b), which specifically allows for consideration of violence or threats of violence in assessing the character and mental condition of the accused.

¶ 9.     Accordingly, we find that the trial court properly applied the factors set out in § 7554(b) in determining that defendant should be held without bail and that its findings relative to those factors are supported by the proceedings below.  The court's decision must therefore stand on appeal.

Affirmed.

FOR THE COURT:

_____

Harold E. Eaton, Jr. , Associate Justice