# ENTRY ORDER

## SUPREME COURT DOCKET NO. 2016-050

## MARCH TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| Patricia Kane | } | |
| | } | DOCKET NO. 67-1-14 Bncr |
| | } | |
| | } | Trial Judge: David A. Howard |

In the above-entitled cause, the Clerk will enter:

Defendant Patricia Kane appeals the trial court's decision to hold her without bail pending a merits hearing on her alleged probation violation. We reverse and remand.

The State charged defendant with violating the terms of her probation for failing to abide by the terms of an electronic monitoring agreement. This is the sixth probation violation complaint filed by defendant's probation officer. At the preliminary hearing on February 4, 2016, the State requested that defendant be held without bail. The court granted the State's request and ordered defendant held without bail pending the merits hearing. The merits hearing was scheduled to take place on March 3, 2016, but was later rescheduled for March 23, 2016. Defendant filed this appeal, arguing that the trial court's decision to hold defendant without bail pending resolution of the merits hearing constituted an abuse of discretion.

A defendant charged with violating conditions of probation has no constitutional or statutory right to bail or release if the defendant is on probation for a listed crime as defined in 13 V.S.A. § 5301(7). This includes unlawful restraint in the second degree, the offense underlying defendant's probation. 13 V.S.A. § 5301(7)(S). Although it is within the trial court's discretion to grant bail or release a defendant, an order denying bail or changing the terms of release is reviewable in the manner provided in 13 V.S.A. § 7554. V.R.Cr.P. 32.1(a)(3)(A). Our review under § 7554(b) is strictly limited to whether the trial court abused its discretion. State v. Pellerin, 2010 VT 26, ¶ 13, 187 Vt. 482; State v. Barrows, 172 Vt. 596, 596 (2001) (mem.). Thus, we will affirm the court's decision to deny bail if it is supported by the proceedings below. Barrows, 172 Vt. at 596; see 13 V.S.A. § 7556(b) ("Any order so appealed shall be affirmed if it is supported by the proceedings below.").

On appeal, defendant does not challenge the sufficiency or admissibility of the evidence, she challenges the trial court's exercise of discretion at the preliminary hearing. Specifically, defendant argues that the trial court denied her the right under V.R.Cr.P. 32.1(a)(1)(B) to present evidence on her own behalf at the preliminary hearing on February 4.

Under V.R.Cr.P. 32.1(a)(1), when "a probationer is held in custody on the ground that [she] has violated a condition of probation, the probationer shall be afforded a prompt hearing before a judicial officer in order to determine whether there is probable cause to hold the probationer for a revocation hearing." V.R.Cr.P. 32(a)(1)(B) grants the probationer "an

opportunity to appear at the hearing and present evidence in [her] own behalf." It is clear from this language that a defendant has the right to present some evidence at a preliminary hearing on the issue of probable cause to hold the probationer pending a revocation of probation hearing. Although the issue before the Court in this appeal is not an issue of probable cause for the violation itself but rather, whether defendant should be held without bail, there is no reason that defendant should have the opportunity to speak at one, but not the other. To be sure, the preliminary hearing is not intended to be the litigation of the merits of the probation violation. But some opportunity to contest a request by the State to hold a probationer without bail must be afforded so that the court can be sufficiently informed when exercising its discretion in considering a request to hold the probationer without bail. At a minimum, a probationer should be afforded the opportunity to argue in opposition to the hold without bail request.

Here, the transcript demonstrates that defendant had no meaningful opportunity to speak at the preliminary hearing, as to either the evidence supporting probable cause or whether she should be held pending the final hearing. As a result, the Court cannot be confident that the trial court had sufficient information before determining whether to exercise its discretion to impose bail and conditions of release, rather than granting the State's request to hold defendant without bail.

Furthermore, the transcript shows the court made scant findings concerning its consideration of the factors under 13 V.S.A. § 7554(b). It is apparent the court was very familiar with defendant based upon numerous prior dealings. Although the court's discretion to hold a defendant without bail under these circumstances is very broad, and the presumption is in favor of incarceration, not release, there still must be adequate consideration of the factors set forth in 13 V.S.A. § 7554(b). See State v. Campbell, 2014 VT 123, ¶¶ 6, 9 (mem.) (explaining that trial court's discretion is extremely broad; that "[w]hen a defendant has no constitutional right to bail, the presumption is switched so that the norm is incarceration and not release" and; that "Rule 32.1(a)(3)(A) expressly requires courts to consider the § 7554(b) factors when determining conditions of release for probationers." (quotations and citations omitted)). The record does not show that adequate consideration to those factors was given here.

For these reasons, we remand the matter to the trial court for a further hearing, at which defendant shall be granted an opportunity to present argument or evidence on her own behalf and for the court to give consideration to the factors of 13 V.S.A. § 7554(b) in its determination of whether to exercise its discretion to impose bail and conditions of release or to hold defendant without bail.

Reversed and remanded.

FOR THE COURT:

☐ Publish

☒ Do Not Publish

Harold E. Eaton, Jr. , Associate Justice

2