2016 VT 120

**STATE of Vermont v. Harley L. BREER, Jr.**

[160 A.3d 318]

No. 16-338

¶ 1. November 17, 2016. Defendant Harley Breer appeals the trial court's decision to deny defendant's motion to review his hold without bail order. We affirm.

¶ 2. Defendant was previously convicted in 2003 of three different felonies and subsequently released on conditions of probation. On December 8, 2011, he was charged with several new crimes including two counts of second-degree aggravated domestic assault, 13 V.S.A. § 1044(a)(2)(A), and one count of second-degree unlawful restraint, *id.* § 2406(a)(3).[1] On the same date, he was charged with his fifth and sixth violations of his probation (VOPs) conditions, based on the new criminal charges.[2] At the arraignment for the VOPs and the new charges, the trial court issued a hold without bail order from the bench. In this order, the court specifically noted defendant's sixteen prior convictions, including an escape conviction, and seven failures under either parole or probation supervision. As a result, the court held defendant without bail on the VOPs as well as the new criminal charges. Finally, the court noted that defendant could request a hearing date to challenge the hold without bail order on the new criminal charges.

¶ 3. While defendant was being held pending trial and prior to his bail hearing, the State charged defendant on April 6,

2012, with two counts of sexual assault and one count of violating an abuse prevention order,[3] *id.* §§ 3252(a)(1), 1030(b); then, on June 25, 2012, the State charged defendant with another count of violating an abuse prevention order,[4] *id.* § 1030(b), and, on August 9, 2013, charged him with numerous counts of attempting to violate his conditions of release while in custody.[5] *Id.* § 7559(e). In each new charge, the trial court noted at arraignment that defendant was being held without bail pending trial, but imposed conditions during his custody.

¶ 4. Subsequently, defendant moved for release and requested that the court set bail, arguing that the evidence of guilt was not great. Defendant's bail hearing was held over three days in the summer of 2014. The trial court reviewed evidence in the form of affidavits, court documents, and audio recordings; it also heard testimony. In its subsequent written order, the trial court noted that there were two bases for holding defendant without bail: because he was charged with several offenses punishable by life imprisonment, 13 V.S.A. § 7553, and also because he was charged with violations of probation, 28 V.S.A. § 301(4). The trial court then made specific findings that the evidence of guilt on the criminal charges was great under § 7553. The trial court also concluded that, in relation to the VOP charges, defendant was a flight risk and that public safety required his detention. A three-

---

[1] These new charges were docketed under Docket No. 1524-12-11 Wncr.

[2] The VOPs are in Docket No. 299-3-99 Wncr.

[3] The sexual assault charges are in Docket No. 430-4-12 Wncr and the charge of violating an abuse prevention order charge is docketed in Docket No. 431-4-12 Wncr.

[4] This count was docketed as Docket No. 803-6-12 Wncr.

[5] The nineteen counts of attempted violation of his conditions of release are in Docket No. 930-8-13 Wncr.

justice panel of this Court affirmed the trial court's determination, concluding that the evidence supported the trial court's order and that, even if the evidence was insufficient to hold defendant without bail pursuant to 13 V.S.A. § 7553, defendant was properly held without bail under 28 V.S.A. § 301(4). *State v. Breer*, 2014 VT 132, ¶¶ 9-11, 198 Vt. 629, 112 A.3d 1273 (mem.).

¶ 5. On July 19, 2016, defendant filed a motion to review the trial court's hold without bail order. First, he claimed that the court improperly denied his bail for the VOPs because he was denied his rights under Vermont Rule of Criminal Procedure 32.1 to confront adverse witnesses and to present evidence on his behalf. Second, he asserted that the evidence of guilt was no longer great under 13 V.S.A. § 7553 on the charges punishable by life imprisonment because new exculpatory evidence came to light during discovery. Defendant argued that the new evidence was not known at the time of the prior hearings and was not modifying evidence being offered to challenge the State's evidence. As a result, defendant claimed that the new, allegedly exculpatory evidence should be used by the trial court to review its decision to hold him without bail and to set conditions of release.

¶ 6. Without conducting a new hearing, the trial court issued a written order denying defendant's motion. The trial court concluded that defendant was afforded the opportunity to present evidence and to confront adverse witnesses both at his initial arraignment for the VOPs and at the three-day bail hearing; thus, the rights provided by Criminal Procedure Rule 32.1 were not violated and he was properly held without bail under 28 V.S.A. § 301(4). Second, the court found that the new evidence advanced by defendant was testimonial in nature and related to witness credibility. Because the evidence was testimonial

and, as a result, was modifying evidence properly excluded from its bail determination, the court concluded that the new evidence did not provide a basis for reviewing its decision to hold defendant without bail under 13 V.S.A. § 7553. Defendant appeals this determination, challenging the basis for denying his bail under both 28 V.S.A. § 301(4) and 13 V.S.A. § 7553.[6]

¶ 7. Under 28 V.S.A. § 301(4), after arraignment for a VOP, a court may release a probationer on bail pending the revocation hearing, but there is "no right to bail or release." As stated above, this Court previously affirmed the trial court's denial of defendant's bail under § 301(4), noting that the trial court had wide discretion in denying bail for VOPs and concluding that, given the court's findings that defendant presented a flight risk and risk to public safety, its decision to deny bail was supported by the evidence. *Breer*, 2014 VT 132, ¶ 11; see also *State v. Barrows*, 172 Vt. 596, 597, 776 A.2d 431, 432 (2001) (mem.) ("Where the statute creates no right to bail in the first instance, it cannot be said that the court's decision was clearly untenable or unreasonable."). Defendant does not advance any new claim or new evidence challenging the trial court's broad discretion to deny bail under § 301(4).

¶ 8. Instead, defendant now claims that he was not provided the rights under Criminal Procedure Rule 32.1 to confront witnesses and to present evidence to refute the State's allegations that he violated his probation. Because a revocation hearing on the merits has not yet been held, his claim is properly brought under Rule 32.1(a)(1), which governs the preliminary hearing necessary to establish

---

[6] Defendant also raises a speedy trial claim on appeal, a claim that is more properly raised in the trial court in the first instance. See *State v. Russo*, 2004 VT 103, ¶ 27, 177 Vt. 394, 864 A.2d 655.

probable cause that a probation violation occurred. V.R.Cr.P. 32.1(a)(1); see also *State v. Benjamin*, 2007 Vt. 52, ¶ 9, 182 Vt. 54, 929 A.2d 1276 (noting that two hearings must be held under Rule 32.1(a)). At a preliminary hearing under Rule 32.1(a)(1), a probationer must be afforded an opportunity to present evidence, the opportunity to question opposing witnesses, and the right to counsel. V.R.Cr.P. 32.1(a)(A)-(D).

¶ 9. Plainly, defendant was provided with these rights during the three-day bail hearing conducted in the summer of 2014: defendant presented voluminous testimony, cross-examined witnesses, and understood that he was being held without bail on the VOP. As a result, we affirm the trial court's conclusion that defendant received an adequate preliminary hearing under Rule 32.1(a). Therefore, there is no basis to reverse the hold without bail decision in the probation violation docket.

¶ 10. Furthermore, we conclude that the trial court correctly found that the new evidence advanced by defendant was modifying evidence that should be excluded from the trial court's bail analysis. This is a question this Court reviews de novo. *State v. Eldredge*, 2006 VT 80, ¶ 7, 180 Vt. 278, 910 A.2d 816.

¶ 11. As to the cases punishable by life under 13 V.S.A. § 7553, if the evidence of guilt is not great, a defendant shall be bailable in accordance with 13 V.S.A. § 7554, which governs release prior to trial. The standard for determining whether the evidence of guilt is "great" is whether "the evidence, taken in the light most favorable to the State and *excluding modifying evidence*, can fairly and reasonably show [the] defendant guilty beyond a reasonable doubt." *State v. Duff*, 151 Vt. 433, 439, 563 A.2d 258, 262-63 (1989) (emphasis added) (quotation omitted). The exclusion of modifying evidence is intended to avoid judicial decisions on credibility at bail hearings. *State v. Stolte*, 2012 VT 12, ¶ 13, 191 Vt. 600, 44 A.3d 166

(mem.). Thus, this Court has distinguished between testimonial evidence, which "raises inherent credibility questions not properly resolved by judges at bail hearings," and nontestimonial evidence, which "is any evidence which does not derive and depend on the observation, recollection, reliability, or veracity of witnesses, whether in the form of live testimony or a sworn statement, and which therefore does not implicate a credibility determination." *Id.* ¶ 13. As this Court made clear in *Stolte*, however, the true inquiry is whether the new evidence raises a factual dispute more appropriate for the jury to determine. *Id.* ¶ 14 (noting that, if underlying validity of nontestimonial evidence is contested, disputed evidence is modifying evidence properly excluded by trial court).

¶ 12. Defendant offers two broad categories of evidence, which he concedes have not been fully developed: alibi evidence and phone and computer forensic evidence. The alibi evidence allegedly involves location evidence based on defendant's and the complaining witness's phones; specifically, defendant claims that a forensic examination of the phones by a technician will establish that he and the victim were located in different places during the alleged criminal acts. Further, he claims that the phone and computer forensic evidence will demonstrate tampering, purportedly by the complaining witness, undermining and discrediting the witness's credibility.

¶ 13. Even if the "location" and "tampering" evidence ultimately shows what defendant represents, the validity of the potential new evidence is not undisputed. As a result, it is modifying evidence properly excluded by the trial court. Cf. *Stolte*, 2012 VT 12, ¶ 13. Defendant claims that, because the newly proffered evidence is scientific and nontestimonial, it is not modifying evidence under *Stolte*. But, as defendant and the State acknowledged in oral argument, the State would be free to

present evidence to counter defendant's expert testimony relating to both the alibi and tampering claims. Moreover, even if the validity of defendant's proffered evidence were undisputed, that would not change the outcome. The effect of the "tampering" evidence is to undermine a witness's credibility — classic modifying evidence. And the "location" evidence does not directly refute defendant's guilt; any theory that it undermines the State's case depends on a series of inferences, including about who possessed the respective cell phones at certain times.

¶ 14. In *Stolte*, this Court remanded for the trial court to determine whether the nontestimonial, scientific evidence at issue was "undisputed as to its origin and result as a matter of fact." *Id.* ¶ 15. If a genuine dispute as to either arose, then we directed the trial court to consider the evidence as modifying evidence and exclude it from the bail determination. *Id.* In this case, because the new evidence at most may raise a genuine dispute between the parties, it must be left for a jury to consider at trial and it was properly excluded as modifying evidence when the trial court denied defendant's motion to review bail. Accordingly, the evidence of guilt remains great in the charges punishable by life imprisonment.

*Affirmed.*